A96A1548. FURLONG v. CRYSTAL CHANDELIER, INC. et al.
(478 SE2d 396)

McMurray, Presiding Judge.

At about 7:00 in the evening on May 26, 1993, Lorraine Furlong went with some friends to a country/western bar and dance club known as the Crystal Chandelier. When the group entered the establishment, they selected seating overlooking the club's sunken dance floor. Furlong sipped on a glass of wine during the next four hours and twice made her way down a dimly lighted stairway to the club's dance floor. Furlong's third trip down this unrailed stairway was not so easy. When her right foot touched the third or fourth step, she "felt something under [her] foot very hard . . ." and immediately noticed that she was stepping on "ice cubes." Furlong's "arms flared out trying to break the fall, [her] ankle flared fiercely out [and] snapped to [her] right, . . . directly behind [her]." Furlong "landed on the dance floor very, very hard." The impact shattered several bones in her ankle. It soon swelled to an enlarged condition. "At this point, [Furlong] passed out."

Furlong brought an action against the dance club's owner, Crystal Chandelier, Inc. ("Crystal Chandelier"), and Crystal Chandelier's manager, Larry Robinson, alleging that Crystal Chandelier failed to comply with its duty of preparing a safe place for her patronage and that Robinson compounded her injuries after the fall by recklessly manhandling her off the dance floor, ushering her out the club's door and ignoring her pleas for emergency medical assistance. Crystal Chandelier and Robinson denied liability and filed a motion for summary judgment, claiming Furlong's own carelessness is the sole proximate cause of her injuries. To this end, Crystal Chandelier and Robinson pointed out that Furlong successfully navigated the dance floor stairway twice during her four-hour stay at the Crystal Chandelier and that Furlong admitted during her deposition that she saw the ice cube hazard before her fall.

Furlong's deposition testimony reveals that she did not see the "ice cubes" until her right foot hit "something very hard . . ." on her third or fourth step down the dance floor stairway. Furlong's deposition also shows that this stairway was "extremely dimly lit"; that the ice cubes which caused her fall were small and partially melted; that the nearby dance floor was buzzing with dancers at the time she fell; that the dance floor stairway was constructed without handrails and that the Crystal Chandelier's employees were serving drinks on the

dance floor on the night Furlong fell.

The trial court granted defendants' motion for summary judgment. This appeal followed.[1] *Held*:

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327). Furlong's testimony in the case sub judice that she did not see the small ice cubes in the dimly illuminated dance hall until it was too late and that she was on her way to the dance floor, down an unrailed stairway, at the time she fell raises genuine issues of material fact as to the second prong of this test, i.e., whether Furlong exercised reasonable care for her own safety in approaching the dance floor. See *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485). Thus, the only question remaining is whether the proprietor had actual or constructive knowledge of the foreign substance.

Liability based on constructive knowledge may be established by showing that the proprietor failed to exercise reasonable care in inspecting the premises. *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 167 (2), 168 (424 SE2d 845). In the case sub judice, Larry Robinson deposed in his affidavit that he conducted a routine inspection of the premises five minutes before Furlong's mishap and that he did not then notice ice or water on the dance floor stairway where Furlong fell. This explanation, however, does not irrefutably show that Robinson exercised the degree of care called for in conducting his purported examination of the dimly illuminated area where Furlong fell. Such " 'issues of diligence, negligence, and contributory negligence are issues for jury determination except in plain and indisputable cases. (Cit.)' *Strickland* [*v. Howard*, 214 Ga. App. 307 (1), 308 (447 SE2d 637)]." *Brown v. Who's Three*, 217 Ga. App. 131, 136 (3), 137 (457 SE2d 186).

As to Crystal Chandelier's superior knowledge of the ice hazard in the case sub judice and Crystal Chandelier's responsibility to discover it, Crystal Chandelier knew that its employees routinely served iced beverages on and around the area where Furlong fell. Crystal Chandelier also knew that the stairway where Furlong fell was a

---

[1] Crystal Chandelier and Robinson's motion for summary judgment speaks only to culpability based on Crystal Chandelier's alleged failure to exercise ordinary care in keeping its premises safe. Thus, issues relating to culpability based on Larry Robinson's alleged conscious indifference for Furlong's well-being after the fall remain in the trial court.

576

busy thoroughfare for dance patrons and that, despite the increased spillage risk in this drinking area due to patrons or servants, the stairway was poorly illuminated and unprotected by handrails. With this knowledge, and without explanation as to the specific inspection procedures Robinson employed, we simply cannot "say that ' "ordinary diligence did not as a matter of law, under the facts (as shown), require an inspection (sufficient to reveal the defect)." ' *Lonard v. Cooper &c. Properties*, 214 Ga. App. 862, 865 (449 SE2d 348) (1994)." *Brown v. Who's Three*, 217 Ga. App. 131, 136 (3), 137, supra. This issue of ordinary care must be resolved by a jury.

The trial court erred in granting Crystal Chandelier and Robinson's motion for summary judgment.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996 —
RECONSIDERATION DENIED NOVEMBER 18, 1996 — ▮

*Paul T. Wright, Craig T. Jones*, for appellant.
Lorraine Furlong, *pro se.*
*Hawkins & Parnell, Frank C. Bedinger III, Kevin J. Bahr, Debra L. Dewar*, for appellees.