## A01A0086. MATTHEWS v. THE VARSITY, INC.
(546 SE2d 878)

BLACKBURN, Chief Judge.

In this slip and fall action, Pamela Scott Matthews appeals the trial court's grant of summary judgment to The Varsity, Inc., contending that The Varsity had constructive knowledge of a foreign substance on its floor which caused Matthews to fall. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewing the evidence in this light, the record shows that Matthews went to The Varsity to interview Terrance Searcy on behalf of her employer. Matthews entered the restaurant on its second level and proceeded down a flight of steps to the main floor. Matthews slipped on the second step and fell to the ground, injuring her hip and ankle. At the time of her fall, Matthews, who weighed approximately 215 pounds, was wearing three-inch spiked heels. Matthews did not see any liquid on the step prior to her fall, and she did not inspect the step after the fall occurred.

Matthews contends, however, that she felt liquid on the step during the fall and that she observed a damp spot on the bottom of her shoe afterward. In addition, Matthews offered a highly speculative affidavit by Searcy in which he stated: "On the steps where Ms. Matthews fell were greasy spots, some water, and *perhaps* some french fries. Based on my observations, Ms. Matthews slipped on the french fries." (Emphasis supplied.)

Clara Brown, a Varsity supervisor, deposed that she had checked the area of the stairs only four to five minutes before Matthews fell and that there was no liquid or debris on the steps at that time. In addition, Elton Drayton, another Varsity employee, saw Matthews fall from a vantage point approximately 15 feet away. From his vantage point, Drayton saw nothing on the step which would have caused Matthews to lose her balance.

In order to show The Varsity was negligent, Matthews must show (1) that The Varsity had actual or constructive knowledge of the

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

foreign substance on its stairs and (2) that she was without knowledge of the substance or was hindered from discovering it by The Varsity. *Robinson v. Kroger Co.*[2]

Matthews does not contend that The Varsity had actual knowledge of the foreign substance on the stairs, only constructive knowledge. Matthews can establish The Varsity's constructive knowledge in one of two ways: (1) by evidence that an employee of The Varsity was in the immediate vicinity and easily could have seen and removed the hazard or (2) that the substance had been on the floor long enough that (a) it would have been discovered if The Varsity had exercised reasonable care in inspecting its premises and (b) it would have been removed if The Varsity exercised reasonable care in cleaning. *Robinson*, supra.

1. In her first enumeration of error, Matthews contends that the trial court erred in granting summary judgment to The Varsity because Drayton, a Varsity employee, was in the vicinity of her fall. We disagree.

In this case, the evidence shows that Drayton was working 12 to 15 feet away from the place where Matthews fell and he actually saw the fall as it occurred. There is no evidence, however, that Drayton easily could have seen the foreign substance alleged to be on the stairs prior to Matthews' fall. Indeed, Matthews, herself, contends that, even at close range, she could not see any liquid on the steps prior to her fall.

"Showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." (Punctuation omitted.) *Haskins v. Piggly Wiggly Southern.*[3] "Inasmuch as the purported hazard was not readily visible to [Matthews], she did not establish that [The Varsity's] employee [who was 12 to 15 feet away] could have easily seen and removed it." Id.

2. Matthews next contends that The Varsity had constructive knowledge of the foreign substance because it failed to employ reasonable inspection procedures.

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in

[2] *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997).
[3] *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 352 (496 SE2d 471) (1998).

place, but that such program was actually carried out at the time of the incident.

*Avery v. Cleveland Ave. Motel;*[4] see *Ingles Markets v. Martin;*[5] *Straughter v. J. H. Harvey Co.*[6]

Without regard to The Varsity's written inspection procedures, on which Matthews relies in making her arguments, the evidence shows that a Varsity employee actually inspected the stairs on which Matthews slipped approximately five minutes before the fall. That employee saw no debris or liquid on the steps at that time.

> In cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law. See, e.g., *Deloach v. Food Lion*[7] (area where plaintiff fell was inspected ten minutes prior to fall, establishing reasonable care as a matter of law); *Jenkins v. Bi-Lo*[8] (same); *Super Discount Markets v. Clark*[9] (inspection occurred fifteen to twenty minutes prior to incident).

*J. H. Harvey Co. v. Reddick.*[10]

Here, The Varsity presented evidence that the area in which Matthews slipped was free of debris only five minutes earlier. As such, her enumeration attacking The Varsity's inspection procedures lacks merit.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 8, 2001.

*Grant G. Morain*, for appellant.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson*, for appellee.

---

[4] *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 645-646 (2) (521 SE2d 668) (1999).
[5] *Ingles Markets v. Martin*, 236 Ga. App. 810, 811 (513 SE2d 536) (1999).
[6] *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998).
[7] *Deloach v. Food Lion*, 228 Ga. App. 393, 394-395 (491 SE2d 845) (1997).
[8] *Jenkins v. Bi-Lo*, 223 Ga. App. 735, 736-737 (479 SE2d 14) (1996).
[9] *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133 (443 SE2d 876) (1994).
[10] *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 471 (1) (b) (522 SE2d 749) (1999).