A01A1734. HIGGINS v. FOOD LION, INC.
(561 SE2d 440)

MILLER, Judge.

Evangelist Higgins sued Food Lion, Inc. for personal injuries sustained when he slipped and fell in the produce department of the store. Food Lion moved for summary judgment, which the trial court granted. As Higgins has failed to establish actual or constructive knowledge on the part of Food Lion, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997); see *Matthews v. The Varsity*, 248 Ga. App. 512 (546 SE2d 878) (2001).

Viewed in this light, the record shows that Higgins slipped and fell as he walked by the produce section of a Food Lion store, causing his shopping cart to fall on top of him. A store employee helped Higgins up, and when Higgins looked down, he saw a few white seedless grapes mashed underneath his feet.

In order to recover for injuries from a slip and fall,

> an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). Constructive knowledge may be established by showing that (1) a store employee was in the immediate vicinity and had an opportunity to correct the hazardous condition before the fall, or (2) that the substance had been on the floor for a sufficient length of time for knowledge to be imputed to the proprietor. *Wentworth v. Eckerd Corp.*, 248 Ga. App. 94, 95 (545 SE2d 647) (2001).

Although there was no evidence of actual knowledge of the hazard on the part of Food Lion, Higgins contends that there was constructive knowledge in that a cashier and manager could have seen and removed the grapes. Even though Higgins first stated that the cashier saw him fall and therefore could have seen the grapes, he later admitted that the cashier was facing in the opposite direction of the produce section but could have easily turned around, and that he did not know whether she was looking at him when he fell. Higgins also initially stated that a manager saw him fall, but when further questioned, Higgins stated that he *assumed* the assistant manager saw him fall because the manager was in a position where he could look over the entire store. This is insufficient to establish that an employee was in the immediate vicinity. See *Wentworth*, supra, 248 Ga. App. at 95 (an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility). Moreover, Food Lion presented an affidavit of a store employee who stated that the cashiers in the store were not facing the produce department and therefore could not have easily seen and removed the grapes, and neither could an employee in the store office which was located on a side of the store opposite the produce department. Even if Higgins had established that an employee was present, "showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." (Punctuation and footnote omitted.) *Hardee's Food Systems v. Green,*

232 Ga. App. 864, 866-867 (2) (a) (502 SE2d 738) (1998); see *Matthews*, supra, 248 Ga. App. at 513 (1). In this case, Higgins has not shown that a store employee was in the immediate area, and he therefore cannot show constructive knowledge on this basis.

Higgins may still establish constructive knowledge by showing that the substance had been on the floor for a sufficient length of time for knowledge to be imputed to the store. *Wentworth*, supra, 248 Ga. App. at 95. To withstand a motion for summary judgment, "a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." (Citations omitted.) *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998). The evidence must establish an adherence to customary inspection and cleaning procedures on the day in question and not simply that such procedures exist. *Ingles Markets v. Martin*, 236 Ga. App. 810, 812 (513 SE2d 536) (1999). Food Lion's perishables manager stated that it was store policy to inspect the produce department for foreign substances constantly and immediately clean up or remedy any potential hazard. He further stated that in accordance with store policy, he personally inspected the area where Higgins fell approximately 35 minutes prior to the incident, and that at that time the area and the floor were clean and free of debris. Thus, the evidence established that just prior to the incident, Food Lion conducted an inspection. Higgins, however, has presented no evidence of how long the grapes had been on the floor and even stated that he could not tell how long the grapes had been present at the time of his fall.

As Higgins was unable to establish that Food Lion had either actual or constructive knowledge, the trial court did not err in granting summary judgment in favor of Food Lion. See *Roberson v. Winn-Dixie Atlanta*, 247 Ga. App. 825, 826 (544 SE2d 494) (2001); *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 352 (496 SE2d 471) (1998).

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002 —
RECONSIDERATION DENIED MARCH 13, 2002.

*Randall A. Schmidt*, for appellant.
*Howard & Whatley, Thomas G. Whatley, Jr., John C. Adams*, for appellee.