A02A1288. MEDDERS v. KROGER COMPANY.
(572 SE2d 386)

ANDREWS, Presiding Judge.

Karen Lisa Medders appeals from the trial court's order granting summary judgment to the Kroger Company on her slip and fall claim. Because the trial court correctly ruled that there was no evidence that Kroger had actual or constructive knowledge of the hazard, we affirm.

"To prevail [on summary judgment], the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law." *Hutchins v. J. H. Harvey Co.*, 240 Ga. App. 582, 584 (524 SE2d 289) (1999). "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essen-

tial element of plaintiff's case." (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In this case, the record shows that on the day in question, Medders went to Kroger to do her grocery shopping. Medders said that she was walking down the aisle looking on the shelves for laundry detergent, and the next thing she knew she was on her knees. Upon inspection, it was determined that Medders slipped and fell in a puddle of liquid Pine-Sol about the size of a "large dinner plate." Medders stated that the bottle of Pine-Sol had fallen on its side and was leaking from a broken cap. She also said there were no store employees in the vicinity when she fell.

Medders reported the accident to Christy Wallis, one of the store managers, who, according to Medders, asked a cashier when the detergent aisle was last inspected. The cashier responded that she did not know.

Wallis testified that she walked down that aisle on her way to the meat department approximately five to ten minutes before Medders reported her fall. Wallis stated that "[a]s I walk through the store I always look on the aisle." Wallis said she did not notice anything on the floor when she walked by and did not notice any bottles turned over on the shelves.

The trial court granted Kroger's motion for summary judgment, holding that even though there may be a jury issue as to whether a reasonable inspection procedure was in place, because the store manager had inspected the aisle only five to ten minutes prior to the fall, Kroger had neither actual nor constructive knowledge of the spill. This appeal followed.

In order to hold Kroger liable for the slip and fall, Medders must establish that Kroger had actual or constructive knowledge of the hazard and that she had no knowledge of the spill or she was hindered in discovering the spill. *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (493 SE2d 403) (1997). Here, Kroger did not argue that Medders failed to exercise ordinary care for her own safety.

As to whether Kroger had knowledge of the hazard, it is undisputed that there were no Kroger employees in the immediate area when Medders fell. Therefore, she cannot show that Kroger had actual knowledge of the hazard.

A plaintiff may show constructive knowledge by two methods: (1) proof that an employee of Kroger was in the immediate area of the spill and could have easily seen and removed it prior to the slip and fall; or (2) proof that the liquid had been there for a sufficient length of time that Kroger should have discovered and removed it during a reasonable inspection. *Alterman Foods v. Ligon*, 246 Ga. 620, 622-623 (272 SE2d 327) (1980).

Here, as previously stated, Medders testified that there were no

store employees in the immediate area of the spill. Further, Medders cannot show that the spill had been there for a sufficient length of time for Kroger to have seen and removed it. The manager testified that she walked down that aisle five to ten minutes earlier and did not see the Pine-Sol. This Court has held that, regardless of any inspection program, when "a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law." *Matthews v. The Varsity*, 248 Ga. App. 512, 514 (2) (546 SE2d 878) (2001).

Medders argues that although Wallis said she did not see any puddle on the floor when she walked down the aisle, she also stated that she was in a hurry because it was time for her to leave and she was looking at her watch. Medders also points to the following testimony at Wallis's deposition as raising an issue of fact as to whether the Pine-Sol was on the floor and Wallis failed to see it. Defense counsel asked Wallis:

Q[uestion:] Are you walking at a normal rate down the aisle to the meat department and just looking and observing as you walk?
A[nswer:] Correct.
Q[uestion:] So is it at all possible that this substance was dripping on the floor and you didn't notice it?
A[nswer:] (pause) No.
Q[uestion:] It's not possible?
A[nswer:] (pause) I don't know.
Q[uestion:] You don't know?
A[nswer:] I don't know.
Q[uestion:] Is it at all possible that the bottle was turned over on the shelf, and that you didn't notice that when you walked down aisle eight?
A[nswer:] That is possible.

Wallis first testified that she looked at the floor as she was walking down the aisle and it was not possible that the Pine-Sol was there and she did not see it. After repeated questioning, she acknowledged that it was "possible." This acknowledgment that something is "possible" is mere speculation. For an inference to be sufficient to create a genuine issue of fact precluding summary judgment, it must be reasonable and must amount to more than mere speculation, conjecture, or possibility. *Butler v. Huckabee*, 209 Ga. App. 761, 762 (434 SE2d 576) (1993). Likewise, any conjecture that Wallis did not see the Pine-Sol because she was in a hurry is not sufficient to raise an issue of fact in light of her direct evidence that she was looking for hazards as she walked down the aisle and the Pine-Sol was not on the floor at

that time. Id. See also *Winder v. Paul Light's Buckhead Jeep Eagle &c.*, 249 Ga. App. 707, 712 (549 SE2d 515) (2001); *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996); *Brumbelow v. City of Rome*, 215 Ga. App. 321, 322 (450 SE2d 345) (1994).

Accordingly, because the evidence is undisputed that Kroger had no actual knowledge of the hazard, and, because the trial court correctly concluded that Medders had failed to show any genuine issues of material fact regarding Kroger's constructive knowledge of the hazard, we find no error. The trial court correctly granted Kroger's motion for summary judgment.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED OCTOBER 11, 2002.

*Jack F. Witcher*, for appellant.
*Carlock, Copeland, Semler & Stair, Deborah A. Heineman, Douglas A. Wilde*, for appellee.

