A03A2254. DAVIS v. BRUNO'S SUPERMARKETS, INC.
(587 SE2d 279)

ELLINGTON, Judge.

After falling in a supermarket aisle, Kimberly Davis filed this personal injury suit against Bruno's Supermarket, Inc. d/b/a Foodmax. The trial court granted the store's motion for summary judgment, finding that no jury issue existed as to whether the store had constructive knowledge of a hazard because the store had inspected the area shortly before Davis' fall. For the following reasons, we find that the grant of summary judgment was improper and reverse.

> We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact. To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

(Punctuation and footnotes omitted.) *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 747 (527 SE2d 36) (1999). Viewed in the light most favorable to Davis, the evidence showed that on April 21, 1999, Davis was walking down the center aisle of the store when she slipped on a puddle of clear liquid the size of a small dinner plate and fell. Davis sued the store, and, in an affidavit supporting the store's motion for summary judgment, Steve Sumner, the manager of the store, stated as follows:

> Foodmax regularly and routinely inspects its store floors to ensure that they are clean and dry and free of any debris every 15-45 minutes. This cleaning and inspection process is done at least hourly and was in place and being implemented on April 21, 1999. The center aisle of the store had been inspected within 30-40 minutes of the time Ms. Davis

reportedly fell. At the time of the inspection the floor was clean and dry and free and [sic] any debris or water.

Sumner's affidavit also stated that no customers or employees reported a spill in the aisle prior to Davis' fall. Notably, the affidavit did not state the basis for Sumner's statements, in other words, whether they were based on his personal knowledge and observations or based upon the reports of other employees. The affidavit did not identify the employee who allegedly inspected the aisle prior to the fall, and the store did not present an affidavit or deposition testimony of this employee. Further, although Sumner's affidavit alleged that a security guard was on duty and patrolled the premises that evening, it did not identify the guard, and the store failed to present an affidavit or deposition of the guard.

1. On appeal, Davis contends the trial court erred in granting the store summary judgment after finding that no jury issue existed as to whether the store had constructive knowledge of the spill on which she allegedly fell. We agree.

> To prove negligence in a slip and fall premises liability case, the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it. [Davis] presented no evidence that [the store] had actual knowledge of the hazard which caused her fall. To establish constructive knowledge, [Davis] must show that (1) a [store] employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by [the store employees] should have discovered it.

(Footnotes omitted.) *Shepard v. Winn Dixie*, 241 Ga. App. at 747. In this case, it is undisputed that no store employees were in the immediate area when Davis fell, so she relies on the second method of demonstrating constructive knowledge.

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. In addition, to withstand a motion for summary judgment, the plaintiff need not show how long

the hazard had been present unless the owner has demonstrated its inspection procedures.

(Punctuation and footnotes omitted.) Id. at 748.

In granting the store's motion for summary judgment in this case, the trial court found that Sumner's affidavit was sufficient to show that the store had an inspection program in place and that it inspected the area of Davis' fall 30 to 40 minutes prior to the fall. The trial court did not reach the issue of whether the inspection program was adequate, finding instead that, because the manager stated that it was performed "within a brief period" before the fall, the inspection procedure was presumed to be adequate.[1] See *Medders v. Kroger Co.*, 257 Ga. App. 876, 878 (572 SE2d 386) (2002) (inspection presumed to be adequate after store manager testified that she had walked down the aisle five to ten minutes before the plaintiff's fall and did not see a spilled liquid).

We find, however, that the store was not entitled to summary judgment based solely on Sumner's affidavit, because it does not show that he personally observed or conducted the inspection. Therefore, the affidavit was legally insufficient.

> In the [Sumner] affidavit, [the store] presented evidence of its general inspection procedures and the procedures utilized the day [Davis] fell. Affidavits submitted in support of a motion for summary judgment must be based on personal knowledge. Although an affidavit need not expressly state that it is based on personal knowledge, it must at least reflect that its contents are rooted in the affiant's personal knowledge and observation. [Sumner], as the store's . . . manager, would almost certainly have personal knowledge of the general inspection procedures utilized by his store. But the same is not necessarily true with respect to the inspection procedures carried out on the day [Davis] fell. Because [Sumner's] affidavit does not recite that it is based on personal knowledge and the contents do not reflect that he observed or had personal knowledge of the inspection procedures carried out on that particular day, [the store] failed to meet its burden.

(Footnotes omitted.) *Shepard v. Winn Dixie*, 241 Ga. App. at 748-749. Cf. *Medders v. Kroger Co.*, 257 Ga. App. at 878; *Higgins v. Food Lion*, 254 Ga. App. 221, 223 (561 SE2d 440) (2002) (a store manager testi-

---

[1] The trial court also did not reach the issue of whether Davis exercised reasonable care for her own safety. See Division 3, infra.

fied that he personally inspected the area just prior to the fall); *Matthews v. The Varsity*, 248 Ga. App. 512 (546 SE2d 878) (2001) (restaurant supervisor deposed that she had inspected the area of plaintiff's fall five minutes before it occurred). Because the store failed to present evidence of reasonable inspection procedures, Davis has the benefit of an inference of the store's constructive knowledge of the hazard. Accordingly, the trial court erred in granting the store summary judgment based upon its determination that no jury issue existed on whether the store inspected the area immediately prior to Davis' fall.

2. Further, even if the Sumner affidavit was not defective, we cannot conclude as a matter of law that the store's inspection procedures were reasonable under the circumstances.

> The length of time the substance must remain on the floor before the owner should have discovered it and what constitutes a reasonable inspection procedure vary with each case, depending on the nature of the business, the size of the store, the number of customers, the nature of the dangerous condition, and the store's location. . . . Thus, an inspection may be required more frequently than every 30 minutes.

(Footnotes omitted.) *Shepard v. Winn Dixie*, 241 Ga. App. at 748-749. Under the circumstances presented in this case, we find that the reasonableness of the store's inspection procedures was for the jury to determine.

3. The store argues that, even if a jury issue existed as to its constructive knowledge of the spill, summary judgment was nevertheless appropriate because the spill was open and obvious, and Davis "was obviously not looking where she was going."[2] Contrary to the store's unsupported contention, however, a jury question existed on whether Davis exercised reasonable care under the circumstances. Although Davis deposed that she was speaking to her son and another shopper when she fell, that does not mean, as a matter of law, that she was not using ordinary care for her own safety. The Supreme Court of Georgia has rejected any requirement that an invitee look continuously at the floor for defects, holding that the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe. *Robinson v. Kroger Co.*, 268 Ga. 735, 743 (493 SE2d 403) (1997). Further, the Court emphasized that

---

[2] Although the trial court's order did not address this separate ground for summary judgment, "it is appropriate for an appellate court to determine whether the trial court's ruling was right for any reason, including whether it was right for a ground asserted in the summary judgment motion that the trial court chose not to address." *Abellera v. Williamson*, 274 Ga. 324, 327 (2) (553 SE2d 806) (2001).

"the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." Id. at 748-749. Since the evidence in this case was not plain, palpable, and undisputed on this issue, the store was not entitled to summary judgment.

*Judgment reversed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 10, 2003.

*Elliott & Haskell, George O. Haskell III*, for appellant.
*Martin, Snow, Grant & Napier, Lisa M. Edwards, Richard A. Epps, Jr.*, for appellee.