## A04A1298. MARKHAM v. SCHUSTER'S ENTERPRISES, INC.

(601 SE2d 712)

ANDREWS, Presiding Judge.

Velma Sue Markham slipped and fell while she was an invitee at a Burger King restaurant owned by Schuster's Enterprises, Inc. Claiming that Schuster's negligently failed to exercise ordinary care to keep the premises safe, Markham sued Schuster's pursuant to OCGA § 51-3-1 for injuries allegedly resulting from the fall. The trial court granted summary judgment in favor of Schuster's, and Markham appeals. For the following reasons, we affirm.

Markham testified by deposition that, after she walked into the Burger King, her left foot slipped out from under her, and she fell. She saw nothing on the floor before she slipped which could have caused her to slip and fall. But after she fell, she placed her hand on the floor and felt grease, and said that grease on the floor caused her to slip and fall. She testified that there was nothing else she saw or felt on the floor other than grease. There was no evidence as to how the grease got on the floor. The manager of the Burger King testified by deposition that she walked over and inspected the floor where Markham slipped and fell about five to ten minutes before the slip and fall occurred and that, at that time, the floor was dry and clean, had no grease on it, and was not slippery.

For Markham to recover for injuries she sustained as a result of the slip and fall, she was required to prove (1) that Schuster's had actual or constructive knowledge of the grease on the floor which caused the slip and fall, and (2) that she lacked knowledge of the grease despite exercising ordinary care for her own safety. *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (493 SE2d 403) (1997). The fundamental basis for imposing liability under this two-prong test is that the owner or occupier of the premises had superior knowledge of the hazard which caused the slip and fall. *Alterman Foods v. Ligon,* 246 Ga. 620, 622 (272 SE2d 327) (1980); *Robinson,* 268 Ga. at 736-737.

Applying these principles in the present case, the trial court correctly granted summary judgment to Schuster's because, as a matter of law, Markham failed to show that Schuster's had superior knowledge of the hazard which caused the slip and fall. Even if an issue of fact exists under the second prong as to whether Markham knew about or should have discovered the grease on the floor prior to the accident, there is nothing in the record showing under the first prong that Schuster's had actual or constructive knowledge of the grease prior to the accident that was superior to Markham's knowledge.

There is no evidence in the record that Schuster's had actual knowledge of the grease before Markham slipped and fell. In the

absence of evidence that Schuster's had actual knowledge of the hazard, Markham could show that Schuster's had constructive knowledge by two methods: (1) by showing that a Schuster's employee was in the immediate area of the slip and fall and was in a position to have easily seen the grease and removed it from the floor prior to the accident, or (2) by showing that the grease had been on the floor so long that Schuster's should have discovered and removed it prior to the accident during the performance of a reasonable inspection procedure to keep the premises safe. *Alterman Foods*, 246 Ga. at 622-623; *Matthews v. The Varsity*, 248 Ga. App. 512, 513-514 (546 SE2d 878) (2001). However, there is nothing in the record showing by the first or second method that Schuster's had constructive knowledge of the grease.

There is no evidence that a Schuster's employee was in the area of the grease and could have easily seen it and removed it prior to the slip and fall. In fact, Markham testified that there were no Schuster's employees in the area when she slipped and fell. As to the second method of showing constructive knowledge, this Court has taken the position that "a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident." (Citation and punctuation omitted.) *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 470 (522 SE2d 749) (1999). Thus, the critical issue in this case is whether Schuster's established that it conducted a reasonable inspection of the premises prior to the slip and fall that was adequate, as a matter of law, to show the exercise of ordinary care to keep the premises safe under OCGA § 51-3-1.

Schuster's produced testimony from the Burger King manager that she inspected the floor where Markham slipped and fell only five to ten minutes prior to the slip and fall and that, at that time, the floor was dry and clean, had no grease present, and was not slippery. Without regard to whether the owner or proprietor of the premises shows evidence of compliance with an established inspection program or procedure,

> [i]n cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law. See, e.g., *Deloach v. Food Lion*, 228 Ga. App. 393, 394-395 (491 SE2d 845) (1997) (area where plaintiff fell was inspected ten minutes prior to fall, establishing reasonable care as a matter of law); *Jenkins v. Bi-Lo*, 223 Ga. App. 735, 736-737 (479 SE2d 14) (1996) (same); *Super Discount Markets v. Clark*, 213 Ga. App. 132, 133 (443 SE2d 876)

(1994) (inspection occurred fifteen to twenty minutes prior to incident).

*Reddick*, 240 Ga. App. at 471; *Matthews*, 248 Ga. App. at 514. Here, Schuster's produced evidence that, only five to ten minutes prior to the incident, the floor where Markham slipped and fell was free of the grease which Markham testified caused the incident. This was sufficient, as a matter of law, to establish that Schuster's exercised ordinary care under OCGA § 51-3-1 to inspect the premises and keep it safe, and that no constructive knowledge of the hazard was imputed to Schuster's. *Matthews*, 248 Ga. App. at 514. It follows that, because there is no evidence that Schuster's had actual or constructive knowledge of the hazard prior to the incident that was superior to Markham's knowledge, the trial court correctly granted summary judgment in favor of Schuster's. *Robinson*, 268 Ga. at 737; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

There is no merit to Markham's contention that the manager's testimony was insufficient to support the grant of summary judgment in favor of Schuster's because it was uncorroborated and failed to show an adequate inspection. Markham testified that grease on the floor caused her to slip and fall. The manager gave uncontradicted testimony that, when she walked across and inspected the floor where Markham slipped and fell about five to ten minutes prior to the incident, there was no grease on the floor at that time. No corroboration was necessary, and the testimony described an inspection that was adequate under the circumstances to show the exercise of ordinary care required by OCGA § 51-3-1. Contrary to Markham's contention, *Furlong v. Crystal Chandelier, Inc.*, 223 Ga. App. 574 (478 SE2d 396) (1996) does not require a different result. In *Furlong*, testimony from the premises manager that he inspected the floor five minutes prior to the slip and fall and did not see the hazard which caused the incident, was not sufficient to support the grant of summary judgment to the defendant, because there was evidence of unusually dangerous conditions on the premises that created a jury issue as to the adequacy of the inspection. Id. at 575-576; see *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344 (226 SE2d 142) (1976). There was no evidence of an unusually dangerous condition in the present case.

Markham also contends that an issue of fact precluding summary judgment was created by: (1) evidence from the National Climatic Data Center showing it was humid and had rained in the area near the time of the slip and fall; (2) testimony from the Burger King manager that, in conditions of high humidity, the floor sometimes sweated, which required her to turn up the air conditioning and dry mop the floor to keep it dry, and (3) an affidavit from a wrecker

service employee who removed Markham's car from the Burger King later that day after the slip and fall that the employee saw a "wet floor" warning sign displayed at the restaurant. There is no merit to this contention which ignores the fact that Markham said she slipped and fell because there was grease on the floor, not because it was wet. Moreover, the manager testified that the floor was not sweating and was dry at the time of the slip and fall, and Markham testified that it had not rained the day of the incident; that it was not raining when she slipped and fell; and that she did not see or feel anything on the floor other than grease.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 15, 2004 —
RECONSIDERATION DENIED JULY 2, 2004.

*Westmoreland, Patterson & Moseley, William C. Heard, Thomas H. Hinson II*, for appellant.

*Harper, Waldon & Craig, Russell D. Waldon, James A. Neuberger*, for appellee.