A07A1663. KMART CORPORATION et al. v. McCOLLUM.
(659 SE2d 913)

MILLER, Judge.

Jewell McCollum was injured when she slipped and fell on a spill of Pine-Sol liquid cleaner while shopping at a Kmart store in Calhoun. She then brought the current action against Kmart Corporation and Sears Holding Management Corporation (collectively, "Kmart") seeking to recover damages resulting from those injuries. Kmart now appeals from the trial court's order denying its motion for summary judgment, again arguing that the evidence of record is insufficient to create an issue of material fact as to its actual or constructive knowledge of the spill. We agree and reverse.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Footnote omitted.) *Aames Funding Corp. v. Henderson*, 275 Ga. App. 323 (620 SE2d 503) (2005). "A defendant meets this burden by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Citation and punctuation omitted.) *Rice v. Six Flags Over Ga.*, 257 Ga. App. 864, 865 (572 SE2d 322) (2003).

So viewed, the evidence shows that McCollum went to the Kmart pharmacy to have a prescription filled. She reached the pharmacy by walking through the store, down the left side of a wide aisle that was divided by several merchandise displays. When walking to the pharmacy, McCollum did not see a spill. Approximately ten to fifteen minutes later, McCollum left the pharmacy and began making her way out of the store by traversing the opposite side of the aisle. Approximately a third to half way down the aisle she stepped in a puddle of liquid and fell. The liquid was later determined to be approximately one half of a 24- to 32-ounce bottle of Pine-Sol brand cleaner, which had apparently fallen or been dropped on the floor, and the spill was wide enough to extend beyond the sides of McCollum's body as she lay on the floor.

Shortly before McCollum fell, Kmart personnel manager Deborah Jones left the employee break room and walked to a store cooler, got some milk for her lunch, and went to the customer service desk to pay for the milk. After paying for the milk, Jones began walking back to the break room and saw McCollum lying on the floor in the spilled Pine-Sol. Jones deposed that she walked directly over the location of the spill on her way to pay for the milk, approximately five minutes before she saw McCollum, and at that time there was no liquid on the floor. According to Jones, it was Kmart policy for employees to maintain a continuous lookout for spills and other hazardous conditions and to take immediate corrective action if a problem is found. Jones averred that she "routinely followed this policy, whether I was on duty or walking through the store on breaks or entering or exiting the store."

Kmart moved for summary judgment, arguing that it could be held liable only if McCollum showed that it had actual or constructive knowledge of the spill and that the foregoing evidence was insufficient to create a jury issue on that question. The trial court denied that motion but granted Kmart's request for a certificate of immediate review. Kmart then filed an application for interlocutory appeal, which was granted, and this appeal followed.

> [T]o recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997). McCollum admits that there is no evidence that Kmart had actual knowledge of the spill, and Kmart neither questions the evidence

showing that McCollum lacked knowledge of the spill nor argues that McCollum failed to exercise ordinary care. Thus, the only question on appeal is whether there is evidence in the record from which a jury could infer Kmart's constructive knowledge of the spill. We find that there is none.

In a slip and fall case such as this, a plaintiff

> may show constructive knowledge by two methods: (1) proof that an employee of [Kmart] was in the immediate area of the spill and could have easily seen and removed it prior to the slip and fall; or (2) proof that the liquid had been there for a sufficient length of time that [Kmart] should have discovered and removed it during a reasonable inspection.

(Citation omitted.) *Medders v. Kroger Co.*, 257 Ga. App. 876, 877 (572 SE2d 386) (2002). In this case, McCollum has shown neither.

There is no evidence that any Kmart employee was in the immediate area of the spill and could have easily seen and removed the hazard. At the time McCollum fell, there was an employee stationed at the customer service desk and there was also an employee working on the only open checkout aisle. The spill occurred on an aisle located roughly halfway between the service desk and the only open cash register, and was at least 20 to 30 feet from the service desk. Evidence showed that the cashier, when behind the register, could not have seen the spill because a candy counter blocked the view. The employee who was working at the service desk testified that it was doubtful as to whether she could have seen down the aisle where McCollum fell, and that she did not see the spill.

When McCollum fell, Kmart customer Deanna Austin was at the service desk. Ms. Austin heard someone call her, and she turned to see her husband kneeling over McCollum, who was lying in the spill. Ms. Austin testified that, although she could see that the floor was wet as she approached McCollum, the spill was not readily visible because the color of the liquid "blended in" with the floor. Ms. Austin's testimony is consistent with that of McCollum, that the spill was the same color as the floor, and "[t]hat is the reason you couldn't see it."

Ms. Austin's husband deposed that he was standing approximately 20 feet from McCollum when he heard her fall. When he turned toward McCollum, Mr. Austin could see the spill, which he described as yellow in color over the white floor. Mr. Austin further stated, however, that he was closer to the spill than anyone at the service desk, such that if "I was 20, 25 feet away from [McCollum], Customer Service had to be 35, 40 feet [from McCollum]." According to Mr. Austin, he was definitely able to see down the aisle where the spill was located, but did not see the spill until after McCollum fell.

This evidence fails to support an inference that the spill was easily visible to either the Kmart employee at the checkout counter or the employee at the service desk. "Inasmuch as the purported hazard was not readily visible to [McCollum], she did not establish that [Kmart's] employee[s] [who were at least 20 to 30] feet away could have easily seen and removed it." (Citation and punctuation omitted.) *Matthews v. The Varsity*, 248 Ga. App. 512, 513 (1) (546 SE2d 878) (2001). See also *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866-867 (2) (a) (502 SE2d 738) (1998) ("showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it") (punctuation and footnote omitted); *Rodriquez v. City of Augusta*, 222 Ga. App. 383, 384 (1) (474 SE2d 278) (1996).

Nor is there any evidence to show that the liquid had been there long enough that Kmart should have discovered and removed it during a reasonable inspection. Jones testified that: (i) pursuant to store policy she was routinely on the lookout for spills; (ii) she walked over the site of the spill less than five minutes before McCollum fell; and (iii) at that time, there was no liquid or any other unusual substance on the floor. "In cases where a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, we have held that the inspection procedure was adequate as a matter of law." (Citations and footnotes omitted.) *Matthews*, supra, 248 Ga. App. at 514 (2). See *Markham v. Schuster's Enterprises*, 268 Ga. App. 313, 315 (601 SE2d 712) (2004).

McCollum maintains there is an issue of fact as to whether Jones actually inspected the area, because a jury could conclude that Jones was in a hurry and may have walked right past the spill without seeing it. However, "any conjecture that [Jones] did not see the Pine-Sol because she was in a hurry, is not sufficient to raise an issue of fact in light of her direct evidence that she was looking for hazards as she walked down the aisle and the Pine-Sol was not on the floor at that time." (Citations omitted.) *Medders*, supra, 257 Ga. App. at 878-879 (affirming grant of summary judgment to grocery store for plaintiff's failure to show actual or constructive knowledge of spilled Pine-Sol).

McCollum also asserts that there exists a jury question as to whether Jones passed through the area of the spill no less than five minutes before McCollum fell, or whether it was in fact more than forty minutes earlier. To support this argument, McCollum first cites Jones' deposition statement that she "could walk a mile in 5 minutes." Noting the impossibility of such a feat, McCollum argues that the statement would allow the jury to infer that Jones had "no sense of time," and that her claims as to when she inspected the area of the

spill were therefore not credible. This argument lacks merit because, when read in context, it is clear that Jones' statement was merely her way of saying that she could walk quickly.

McCollum also claims that Jones' testimony as to when the accident occurred differs significantly from the time listed on the store's incident report. Specifically, Jones deposed that the fall took place while she was going to lunch, and that she generally went to lunch between 11:00 a.m. and 2:00 p.m.[1] The store's incident, report, however, reflects the time of the accident as 2:40 p.m. McCollum therefore argues that a jury could find that Jones had passed over the location of the spill at least 40 minutes before McCollum fell. We disagree.

Jones did not testify as to what time she went to lunch on the day in question. Rather, she indicated that she normally went to lunch before 2:00, but that "[l]unch was never a set time." More importantly, the critical question is not what time Jones actually went to lunch that day, but whether she actually passed over the area of the spill within five minutes prior to McCollum's fall. Jones' testimony established that she walked over the area where McCollum fell as she went to the customer service desk to pay for milk; that she did not and could not have carried on a lengthy conversation at the customer service desk; that she saw McCollum as she returned from the service desk after paying for her milk; and that immediately after seeing McCollum she went to the employee break room to retrieve an incident report form and at that time she was still holding the milk. This evidence supports Jones' direct testimony that she passed over the site of the spill less than five minutes before she saw McCollum lying on the floor. In light of such evidence, a jury could not reasonably infer from the incident report that McCollum's fall occurred 40 minutes or more after Jones had inspected the area. "For an inference to be sufficient to create a genuine issue of fact precluding summary judgment, it must be reasonable and must amount to more than mere speculation, conjecture, or possibility." *Medders*, supra, 257 Ga. App. at 878.

Nor do we find any merit in McCollum's argument that inconsistencies between Jones' deposition testimony and statements in her affidavit undermine her credibility, because no such inconsistencies exist. The mere fact that Jones' deposition testimony expounds upon or clarifies the statements in her affidavit does not render her testimony inconsistent. See *Chapman v. Burks*, 183 Ga. App. 103, 106 (2) (357 SE2d 832) (1987).

---

[1] The report also lists Jones as having been in the area of the incident five minutes before McCollum fell.

Finally, we reject McCollum's assertion that the summary judgment procedure is unconstitutional because, as McCollum acknowledges in her brief, controlling authority directly contravenes this argument. See, e.g., *Harry v. Glynn County*, 269 Ga. 503, 505 (3) (501 SE2d 196) (1998).

Kmart has shown that there is no evidence sufficient to create an issue of material fact as to its actual or constructive knowledge of the spill, and therefore there is no evidence on which the jury could find Kmart liable. It follows that the trial court erred in denying Kmart's motion for summary judgment.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED MARCH 26, 2008 — 

*Nicole W. Stout*, for appellants.
*Vaughn & Leggett, Jesse L. Vaughn, Scott J. Forster*, for appellee.