A09A0506. BONE v. THE CHILDREN'S PLACE, INC. et al.
(677 SE2d 404)

BLACKBURN, Presiding Judge.

In this premises liability action, Michelle Bone appeals from the trial court's order granting summary judgment in favor of The Children's Place Retail Stores, Inc. ("Children's Place") on Bone's claims arising from injuries her daughter, Mollie Frances Bone, sustained while shopping with her mother at a Children's Place store. Finding that Children's Place failed to present any evidence in support of its motion, and therefore failed to pierce the allegations set forth in Bone's pleadings, we reverse.

> On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law.

*Smith v. Atlantic Mut. Cos.*[1]

So viewed, the record shows that Bone and the then 20-month-old Mollie were shopping at a Children's Place store in August 2006 when Mollie cut her eye on the end of a clothing rack, which was protruding out into an aisle. Acting individually, and as the natural

---

[1] *Smith v. Atlantic Mut. Cos.*, 283 Ga. App. 349, 350 (641 SE2d 586) (2007).

guardian of Mollie, Bone sued Children's Place on a theory of premises liability. Bone alleged, inter alia: (1) that the placement of the clothing rack, with an uncovered, protruding edge, at a child's eye level, constituted a dangerous condition; (2) that Children's Place had actual or constructive knowledge of this dangerous condition, superior to that of Bone; and (3) that Children's Place had actual or constructive knowledge of similar injuries occurring in their stores resulting from the placement of store fixtures in such a manner that they were hazardous to young children.

On November 14, 2007, Children's Place filed a motion for summary judgment as to all of Bone's claims. To support the factual assertions contained in its motion, Children's Place relied exclusively upon Bone's deposition testimony. At the time it filed its motion for summary judgment, however, Children's Place did not file either the original or a copy of Bone's deposition with the court. Instead, counsel mailed the original, sealed deposition directly to the trial judge, together with a courtesy copy of the motion for summary judgment.

Although Bone's response to the motion for summary judgment was due on December 14, 2007 (see Uniform Superior Court Rule 6.3), counsel for Children's Place agreed to an extension of time, giving Bone until January 3, 2008 to file her response. Bone's attorney, however, never filed with the trial court either a proposed consent order or other stipulation reflecting that agreement; hence, the time for responding was never extended by the trial court.

Bone's counsel filed her response, together with a request for a hearing on the summary judgment motion, on the morning of January 4, 2008. Attached as an exhibit to Bone's response was the affidavit of a former Children's Place employee, who indicated that Children's Place had knowledge of the hazard at issue. Specifically, the former employee stated that other people had snagged their clothing on the fixture that injured Mollie, "because it protruded out into the aisle."

On the afternoon of January 4, 2008, Children's Place filed a motion to strike Bone's response, including the affidavit attached thereto, as untimely filed. In that motion, counsel for Children's Place acknowledged granting Bone's counsel an extension of time in which to file a response, but argued that the extension required that the response be filed "on or before January 3, 2008."

On March 3, 2008, without a hearing on the motion for summary judgment, the trial court entered an order granting both Children's Place's motion to strike Bone's response and its motion for summary judgment. In that portion of the order granting summary judgment to Children's Place, the trial court included a footnote specifically acknowledging that "[t]he record presently contains no deposition

testimony." The following day, counsel for Children's Place filed a copy of Bone's deposition with the trial court. On March 5, 2008, Bone filed her notice of appeal. Approximately one week later, on March 11, 2008, Children's Place filed a motion to supplement the record for appeal with Bone's original deposition. Following a hearing on the motion to supplement the record, the trial court denied that motion, correctly noting that "matters not part of the record at the time of judgment cannot properly become part of the record on appeal."[2]

We now turn to the merits of Bone's appeal. "[T]he fundamental basis for an owner or occupier's liability" for injuries resulting from an allegedly hazardous condition on their premises, is "that party's superior knowledge of the hazard encountered by the plaintiff." *Robinson v. Kroger Co.*[3] Thus, "to recover on her premises liability claim, [Bone] must demonstrate both (1) that [Children's Place] had actual or constructive knowledge of the hazard; and (2) that she lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within [the] control" of Children's Place. *Freeman v. Wal-Mart Stores.*[4]

"A defendant meets [its] burden [on summary judgment] by showing the court that *the documents, affidavits, depositions and other evidence in the record* reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Punctuation omitted; emphasis supplied.) *Kmart Corp. v. McCollum.*[5] The trial court based its grant of summary judgment to Children's Place on its conclusion that "no evidence of record reflects [Children's Place's] superior knowledge of the hazard" posed by the clothing rack. The sole evidence on which the trial court relied to make this finding, however, was Bone's alleged admission that "she [was] unaware of any evidence reflecting [Children's Place's] knowledge of the hazard." While Children's Place's motion for summary judgment recited this admission as an undisputed material fact, its motion reflects that Bone made this admission *only in her deposition*. The trial court, however, explicitly acknowledged, in two separate orders, that it did not consider Bone's deposition in granting summary judgment. Accordingly, the trial court had no basis for

---

[2] The trial court did, however, allow Bone's original deposition to be filed and become part of the record for purposes of appeal, pursuant to OCGA § 5-6-41 (h). That statute provides, in relevant part, "[w]here any . . . paper which requires approval or sanction of the court . . . before being filed of record is disallowed . . . [the] paper may nevertheless be filed, with notation of disallowance thereon, and shall become part of the record for purposes of consideration on appeal. . . ."

[3] *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997).

[4] *Freeman v. Wal-Mart Stores*, 281 Ga. App. 132, 133 (635 SE2d 399) (2006).

[5] *Kmart Corp. v. McCollum*, 290 Ga. App. 551 (659 SE2d 913) (2008).

concluding that Children's Place had pierced the allegations of Bone's pleadings. Children's Place's "brief [supporting] the summary judgment motion citing [Bone's deposition] testimony [was] not proper evidence," (*Parker v. Silviano*[6]) on which to base the grant of summary judgment, because "[a]ssertions of fact contained in the briefs of the parties do not, standing alone, constitute competent evidence for the resolution of a summary judgment issue." (Punctuation omitted.) *Patellis v. 100 Galleria Parkway Assoc.*[7]

This result is unaffected by the trial court's decision to strike Bone's response. "As the movant for summary judgment, [Children's Place] cannot rely upon the mere assertion that its superior knowledge cannot be shown by [Bone] at trial." *Parker v. Food Giant.*[8] Rather, Children's Place had to "come forward with evidence tending to negate the existence of such knowledge" before Bone was obligated to offer proof of that knowledge. (Punctuation omitted.) *Ware County v. Medlock.*[9] Until Children's Place had done so, "the allegations of plaintiff's complaint [were] not pierced and plaintiff was under no duty to produce evidence in support of her allegations regarding defendant['s] knowledge. . . ." *Hamner v. Emory Univ.*[10] See also *Smith*, supra, 283 Ga. App. at 351 (1) ("[o]nly after the moving party makes a showing of entitlement to a judgment as a matter of law does the burden shift to the respondent to come forward with rebuttal evidence") (punctuation omitted). We do not address the correctness of a grant of summary judgment based upon the Bone deposition being a part of the record at the time of the grant of same.

For the reasons set forth above, we reverse the trial court's order granting summary judgment to Children's Place.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED APRIL 7, 2009.

*Gillis & Creasy, James L. Creasy III*, for appellant.
*Misner, Scott & Martin, Bobby B. Terry*, for appellees.

---

[6] *Parker v. Silviano*, 284 Ga. App. 278, 281 (2) (643 SE2d 819) (2007).

[7] *Patellis v. 100 Galleria Parkway Assoc.*, 214 Ga. App. 154, 155 (3) (447 SE2d 113) (1994).

[8] *Parker v. Food Giant*, 193 Ga. App. 337, 337 (1) (387 SE2d 615) (1989).

[9] *Ware County v. Medlock*, 192 Ga. App. 542, 543 (385 SE2d 429) (1989).

[10] *Hamner v. Emory Univ.*, 190 Ga. App. 788, 789 (380 SE2d 83) (1989).