## A96A2426, A96A2427. BROWN v. WEBB et al. (two cases).
### (482 SE2d 382)

BIRDSONG, Presiding Judge.

On May 24, 1993, Deatrict Brown was involved in an automobile accident with a car owned by James Loupe and driven by Jeremy Webb. After attempts to settle the claims failed, Brown filed a complaint against Loupe and Webb in the State Court of DeKalb County on May 24, 1995. Although DeKalb County is apparently the county in which Webb is domiciled, he was never served with process. Defendant Loupe was served with process at his residence in Gwinnett County on June 5, 1995.

Thereafter, the defendants moved to dismiss Brown's complaint against them; Webb asserted that the trial court lacked personal jurisdiction over him because he had not been served with a copy of the summons and complaint, and Loupe contended that the service on him was ineffective because it was made outside the period of limitations and Brown had failed to exercise due diligence in perfecting service. Thus, they asserted the complaint should be dismissed because the two-year statute of limitation had expired without proper service of process. After argument, the trial court signed an order granting summary judgment to Webb and Loupe on September 8, 1995, that was filed on September 11, 1995.

On October 9, 1995, Brown attempted to file a notice of appeal in this case appealing from a judgment on Webb and Brown's motion to dismiss on August 29, 1995. As no such order exists in the record, we assume that Brown was attempting to appeal the grant of summary judgment which was filed on September 11, 1995. Nevertheless, although the clerk's office stamped the notice of appeal as having been "received" on October 9, 1995, the notice of appeal was not filed because Brown did not pay the fee associated with the filing of a notice of appeal.

Earlier on September 13, 1995, Brown filed a motion for reconsideration of the trial court's dismissal of the action and a motion for an extension of time in which to file a notice of appeal until 15 days after the trial court ruled on Brown's motion for reconsideration. On November 9, 1995, however, the trial court denied Brown's motion for reconsideration and the motion for an extension of time in which to file a notice of appeal. Later, Brown filed an affidavit of indigency on December 15, 1995. Thereafter, on June 4, 1996, the trial court denied Brown's affidavit of indigency.

On June 13, 1996, Brown eventually filed the notice of appeal in Case No. A96A2426 and on July 16, 1996, filed the notice of appeal in Case No. A96A2427. Brown contends the trial court erred by granting summary judgment to Webb and Loupe. *Held:*

Webb and Loupe have moved to dismiss these appeals because

the notices of appeal were not "filed within 30 days after entry of the appealable decision or judgment" (OCGA § 5-6-38 (a)) which Brown seeks to appeal. We agree and dismiss both appeals.

"The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." (Citations and punctuation omitted; emphasis in original.) *Sharpe v. State*, 198 Ga. App. 381, 382 (401 SE2d 586). Even though a notice of appeal was ultimately filed in these appeals, they were not timely filed. Further, having someone in the clerk's office stamp a pleading as received is not the same as filing the pleading. "A paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file, and a certificate of the clerk, entered upon the paper at the time it is filed, is the best evidence of such filing." (Citation and punctuation omitted.) *Bailey v. Bonaparte*, 125 Ga. App. 512, 514 (188 SE2d 119). Additionally, the time for filing a notice of appeal is not extended by filing a motion for reconsideration. *Dougherty County v. Burt*, 168 Ga. App. 166, 167 (308 SE2d 395); *Anton v. Garvey*, 160 Ga. App. 157 (286 SE2d 493).

In Case No. A96A2427, Brown seeks to appeal the denial of the pauper's status. As the notice of appeal was not filed until July 16, 1996, and the trial court's order was filed on June 4, 1996, this notice of appeal was clearly untimely. Additionally, as we have dismissed the appeal in Case No. A96A2426, any issue concerning Brown's status as a pauper is moot.

*Appeals dismissed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 21, 1997 —
RECONSIDERATION DENIED FEBRUARY 26, 1997 —

*Kunle Ogundele*, for appellant.
*Sharon W. Ware & Associates, Jay L. Drew*, for appellees.