## A09A2343. MUCYO v. PUBLIX SUPER MARKETS, INC.
(688 SE2d 372)

JOHNSON, Presiding Judge.

Chantal Mucyo filed a complaint against Publix Super Markets, Inc. in which she alleged that Publix's negligence resulted in injuries she sustained when she fell inside one of its stores. Mucyo appeals the trial court's grant of summary judgment in favor of Publix, alleging that Publix had constructive knowledge of the foreign substance on its floor that caused her to fall. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

---

[1] OCGA § 9-11-56 (c).

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

So viewed, the record shows that on August 5, 2008, Mucyo went to a Publix store with her five-year-old daughter, Grace, and a woman named Ariane. After Mucyo and Ariane selected a few items, Grace and Ariane waited at the front of the store with the shopping cart while Mucyo picked up two 12-packs of Coca-Cola from the soda aisle. As Mucyo walked toward the front of the store, she slipped, dropped the drinks, and fell onto the floor. The fall resulted in injuries to Mucyo's knees, back, shoulder, elbow, and wrists.

At the time of Mucyo's fall, Grace and Ariane were approximately two to three feet away from her. A Publix cashier was also in the vicinity of the spot where Mucyo fell, although the cashier was not as close to Mucyo as were Grace and Ariane. Mucyo did not know if the cashier saw her fall or if she was facing in her direction at the time she fell, but she saw the cashier look at her while she was on the floor.

Mucyo did not see any substance on the floor until after her fall. Once she was on the floor, Mucyo observed a clear liquid that felt like water, and she noticed that her clothing was wet. There was no evidence that anyone else, including Grace and Ariane, ever saw the clear liquid that allegedly caused Mucyo to fall. An assistant store manager testified that after the incident, he saw "several small drops" of a red liquid on the floor where Mucyo had fallen.

In order to recover for her injuries, Mucyo must show (i) that Publix had actual or constructive knowledge of the hazard and (ii) that she was without knowledge of the hazard despite the exercise of ordinary care.[3] Here, Mucyo does not contend that Publix had actual knowledge of the wet substance on the floor, so she must point to evidence that Publix had constructive knowledge of the substance in order to survive the motion for summary judgment.[4] This can be done by presenting evidence (i) that a Publix employee was in the immediate vicinity and easily could have seen and removed the hazard or (ii) that the substance had been on the floor long enough that it would have been discovered and removed if Publix had exercised reasonable care in inspecting and cleaning its premises.[5]

1. Mucyo first claims that the trial court erred in granting summary judgment to Publix because the cashier was in the immediate vicinity of her fall and easily could have seen and removed the

---

[2] *Matthews v. The Varsity*, 248 Ga. App. 512 (546 SE2d 878) (2001).
[3] *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997).
[4] *Matthews*, supra at 513.
[5] Id.

wet substance on the floor. We disagree. Mucyo failed to present any evidence that the cashier could easily have seen the wet substance, even if the cashier had been facing in Mucyo's direction. Mucyo acknowledged that she had no visual impairment at the time of the incident, yet she failed to see the hazard until after she fell. In addition, although Grace and Ariane were waiting for her just a few feet from where she fell, Mucyo presented no evidence that they were able to see the substance either.

"Showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it."[6] Because there is no evidence that the purported hazard was readily visible to Mucyo or others who were in her immediate vicinity at the time she fell, Mucyo did not establish that the cashier could easily have seen and removed the hazard.[7]

2. Mucyo next contends that Publix had constructive knowledge of the foreign substance because it failed to employ reasonable inspection procedures. However, the evidence shows that a Publix employee who was dust mopping the store inspected the area where Mucyo fell within two minutes prior to her fall. That employee saw no liquid or any other substance on the floor at that time.

Regardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action.[8] Here, Mucyo claims that an issue of fact exists as to whether the Publix employee actually inspected the floor because she did not see the employee prior to her fall. However, the circumstantial evidence offered by Mucyo is not inconsistent with the direct evidence offered by the employee because it is possible that the employee inspected the floor without being noticed by Mucyo. The positive and uncontradicted testimony of the Publix employee supports a finding that Publix conducted a reasonable inspection prior to Mucyo's fall.[9] As a result, Mucyo's enumeration of error regarding Publix' inspection

---

[6] (Citation and punctuation omitted.) *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 352 (496 SE2d 471) (1998).

[7] Id.; *Matthews*, supra at 513 (1); compare *Somers v. M.A.U., Inc.*, 289 Ga. App. 731, 733 (658 SE2d 242) (2008).

[8] *Medders v. Kroger Co.*, 257 Ga. App. 876, 878 (572 SE2d 386) (2002).

[9] See *Douglas v. Gilbert*, 195 Ga. App. 796, 798 (395 SE2d 9) (1990) (Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand such an inference, is insufficient to create an issue of fact when the circumstantial evidence is also consistent with the positive and uncontradicted testimony of an unimpeached witness.).

procedures lacks merit, and the trial court did not err in granting summary judgment to Publix.[10]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED DECEMBER 11, 2009 —

*Hinton & Powell, Andrew J. Hinton, Jr.*, for appellant.
*Fain, Major & Brennan, Jennifer L. Nichols*, for appellee.