**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**January 24, 2014**

# In the Court of Appeals of Georgia

A13A1789. PIRKLE v. QUIKTRIP CORPORATION.

MILLER, Judge.

Carlos Ross Pirkle, injured when he slipped and fell in a Quiktrip Store, appeals from the trial court's grant of summary judgment to Quiktrip, contending that the trial court erred in ruling that there was no evidence that Quiktrip had actual or constructive knowledge of the hazard which caused his fall. For the reasons set forth below, we deny Quiktrip's Motion to Dismiss the appeal and affirm the trial court's judgment.

1. Quiktrip's Motion to Dismiss Appeal.

(a) Here, the record shows that Pirkle filed his notice of appeal from the trial court's grant of summary judgment to Quiktrip on January 8, 2013. Thereafter, Quiktrip moved to dismiss the notice of appeal in the trial court because Pirkle failed

to file the $25 filing fee required by OCGA § 15-6-77.3 (b).[1] The trial court denied Quiktrip's motion, noting that the fee was paid on January 28, 2013. Because the trial court's order was entered on April 15, 2013, after the filing of the notice of appeal, it may not be enumerated as error in this appeal. *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007); *Long v. Long*, 303 Ga. App. 215, 217 fn. 2 (692 SE2d 811) (2010).

(b) Quiktrip then filed a motion to dismiss the appeal in this Court, citing the same rationale. As did the trial court, we find unavailing Quiktrip's reliance on *Brown v. Webb*, 224 Ga. App. 856 (482 SE2d 382) (1997). There, Brown attempted to file a notice of appeal without paying the filing fee. Rather than filing the notice, as the clerk did here, the clerk's office in *Brown* stamped the notice "received." *Brown*, supra, 224 Ga. App. at 856. As noted by this Court, "having someone in the clerk's office stamp a pleading as received is not the same as filing the pleading. A paper is said to be filed when it is delivered to the proper officer, and by him received

---

[1] OCGA § 15-6-77.3 (b) provides that, "[i]n addition to the fees specified by Code Section 15-6-77, the clerk of the superior court . . . shall be entitled to charge and collect an advance fee of $25.00 on each civil . . . appeal, and *such fee shall be paid at the time of filing the notice of appeal*." (Emphasis supplied.) Although this case was in state court, "[t]he general laws and rules of appellate practice and procedure which are applicable to cases appealed from the superior courts of this state shall be applicable to and govern appeals from the state courts." OCGA § 15-7-43 (a).

2

to be kept on file, and a certificate of the clerk, entered upon the paper at the time it is filed, is the best evidence of such filing." (Citation and punctuation omitted.) *Brown*, supra224 Ga. App. at 857.

While it is true that the state court clerk could have justifiably refused to file the notice of appeal until the proper fees had been paid, *Slater v. Spence*, 246 Ga. App. 365, 367 (540 SE2d 638) (2000), the clerk in this case chose to file the notice of appeal and deal with the fee thereafter. This would seem to be in line with the Supreme Court's admonition that we follow "the route toward less technical and more expeditious handling of cases involving minor procedural errors." (Citation and punctuation omitted.) *Hughes v. Sikes*, 273 Ga. 804, 805 (546 SE2d 518) (2001). Had the Legislature wanted to make the payment of the fee a condition precedent to marking a pleading "filed," it could have enacted a statute for the trial courts similar to OCGA § 5-6-4, which provides that in this Court and the Supreme Court, "[t]he clerk is prohibited from receiving the application for appeal or the brief of appellant unless the costs have been paid or a sufficient affidavit of indigence is filed or contained in the record."

Therefore, we deny Quiktrip's motion to dismiss this appeal.

2. We now consider Pirkle's argument that the trial court erred in granting summary judgment to Quiktrip.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When reviewing the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence was that, on the morning of May 5, 2008, Pirkle, his brother, Hugh, and a co-worker stopped at the Austell Quiktrip on their way to a work site to get drinks. The video from Quiktrip's security camera showed Pirkle at 7:06:13 a.m. walking into the store directly across the area where he would later fall at 7:08:28 a.m. Pirkle was looking down at the floor in front of the cash register as he walked by at 7:06:14 a.m. Between 6:59 a.m. to 7:08:25 a.m., the video shows several customers who walk across, check out, and stand in the area where Pirkle later fell. There were no reports of any spills made by any customer to Quiktrip employees prior to Pirkle's fall.

The video showed that, at 7:04:51 a.m., a customer walks from the cash register holding a drink in one hand and a shrink-wrapped package of 24 bottles of water in the other. Although the customer appeared to drop the package of water bottles as he approached the front door and he bent down below the counter for approximately ten seconds, his drink was visible and the lid was still on it. After the customer retrieved the water bottle package and left the store, several people successfully walked through this area before Pirkle fell.

Pirkle did not recall seeing any liquid on the floor when he walked into the Quiktrip. After paying for his bottled water at the counter, however, he turned to leave and slipped on liquid on the floor. Pirkle's brother, Hugh, saw Pirkle fall. After helping Pirkle up, Hugh saw some hand-sized spots of what looked like water on the floor. Hugh did not know what caused the water on the floor or how long it had been there. After Pirkle's fall, Chad Fields, the manager, examined the area and saw a "little splotch of water" on the floor, which did not appear to have been disturbed. He described the splotch as approximately the size of a half-dollar coin.

"[A]n owner/occupier of land owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk." (Punctuation and footnote omitted.) *American*

5

*Multi-Cinema v. Brown*, 285 Ga. 442, 447 (3) (679 SE2d 25) (2009). To survive Quiktrip's motion for summary judgment here, Pirkle had to come forward with evidence that (1) Quiktrip had actual or constructive knowledge of the hazard, and (2) he lacked knowledge of the substance or for some reason attributable to Quiktrip was prevented from discovering it. *Davis v. Bruno's Supermarkets*, 263 Ga. App. 147, 148 (1) (587 SE2d 279) (2003).

(a) *Actual Knowledge*

In an effort to show that Quiktrip had actual knowledge of the liquid on the floor, Pirkle relies solely on the deposition of James McCleary.[2] McCleary went into the Quiktrip at some unidentified time before Pirkle fell and turned down the first aisle in the store where he observed an employee midway down the aisle mopping. McCleary testified that the employee with the mop took his bucket and mop and set them to the right side of the checkout counter and started checking people out.. A wet floor sign in the first aisle was visible on the video, which began at 6:59 a.m., but no mop or bucket could be seen.

---

[2] Appellant refers to "James McNealy" in his brief. There is no witness by this name in the record and we assume he is referring to James McCleary.

Although Pirkle argues that McCleary's testimony is circumstantial evidence that the water was caused by Quiktrip's employee's mop,

> [o]nly reasonable inferences can give rise to a genuine issue of fact sufficient to preclude summary judgment. An inference based on mere possibility, conjecture, or speculation is not a reasonable inference sufficient to establish a genuine issue of fact and preclude summary judgment. Where a plaintiff's proof of causation in a negligence case is based on mere possibilities, or the matter remains one of mere speculation or conjecture, or the probabilities are at best evenly balanced, it is the duty of the trial court to grant summary judgment for the defendant.

(Citations omitted.) *Patrick v. Macon Housing Auth.*, 250 Ga. App. 806, 809 (552 SE2d 455) (2001).

Pirkle argues that the fact that an employee carried a bucket and mop and leaned the mop against the counter to the side of the door at least nine minutes before he fell provides circumstantial evidence that this was the cause of water on the floor in front of the cash register. We find this argument to be speculative at best. Therefore, we find that Pirkle did not produce evidence of actual knowledge.

(b) *Constructive Knowledge*

Because no evidence was produced that Quiktrip possessed actual knowledge of any liquid on the floor, we must determine whether a genuine issue of material fact remains as to its constructive knowledge. To establish constructive knowledge, Pirkle "must show that (1) a store employee was in the immediate area of the hazard and could have *easily seen* the substance or (2) the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it." (Citation and punctuation omitted; emphasis supplied.) *Davis*, supra, 263 Ga. App. at 148 (1). See *Chastain v. CF Ga. North DeKalb L.P.*, 256 Ga. App. 802, 803-804 (569 SE2d 914) (2002) (no evidence reasonable inspection would have discovered a "two and a half foot line of dribbled water" where plaintiff testified that the water was not "easily visible").

(i) A review of the video shows that no Quiktrip employee was in the area in front of the checkout counter for eight minutes before Pirkle's fall. Moreover, cashier Rodney Johnson, who was behind the four foot high checkout counter, stated in his affidavit that he could not see the area directly in front of the counter where the half-dollar or hand-sized drops of water were later found. Therefore, Pirkle failed to show that a store employee was in the immediate area of the hazard and could have easily seen the substance before his fall. See *Brown v. Host/Taco Joint Venture*, 305 Ga.

App. 248, 250 (699 SE2d 439) (2010) (showing that an employee was working in the immediate area of a foreign substance is not enough; employee must have been in a position to have easily seen the substance and removed it); *Mucyo v. Publix Super Markets*, 301 Ga. App. 599, 601 (1) (688 SE2d 372) (2009) (plaintiff did not show that cashier in the area of her fall could easily have seen and removed the hazard, which was not readily visible).

(ii) Constructive knowledge may also be inferred where there is evidence that the owner lacked a reasonable inspection procedure. *Davis*, supra, 263 Ga. App. at 148-149 (1). In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident. Id.

Quiktrip had an inspection procedure in place which required employees to inspect the store's floors every 30 minutes and spot mop if needed. In addition, at the beginning of each shift, the manager or assistant manager was required to do a shift walk through the store. On the morning of May 5, 2008, Y Nguyen was working at the Quiktrip and inspected the floors and spot mopped where needed. As he stated in his affidavit, "I completed the Daily Assignment Worksheet for the morning of May

9

5, 2008, showing I performed the 'sweep/mop floor' inspections at 7:00 am then again at 7:30 am." On the video tape, a wet floor sign can be seen in the aisle nearest the door at 6:59:59 a.m. Pirkle never walked in this aisle. Chad Fields, the manager, performed the shift walk through the store when he came on duty at 6:00 a.m. that day. According to Fields, the front area near the cash registers is very difficult to mop because the store gets busy and this area had not been mopped within 15 minutes prior to Pirkle's fall.

Even accepting Pirkle's speculation that the man carrying the shrink-wrapped package of water bottles must have caused water to spill during the ten seconds he cannot be seen on the videotape, this is also insufficient to prove constructive knowledge of Quiktrip because it occurred only four minutes before Pirkle's fall. *Brown v. Host/Taco*, supra, 305 Ga. App. at 251-252 (manager's inspection of area of fall fifteen minutes before plaintiff fell was proof that defendant did not have constructive knowledge as a matter of law). As discussed above, Quiktrip presented evidence of its inspection procedures and evidence that those procedures had been

done that morning approximately eight minutes before Pirkle's fall and the store had been found free of spills.[3]

> In cases where a proprietor has shown that an inspection occurred within a brief period before an invitee's fall, we have held that the inspection procedure was adequate as a matter of law. Under circumstances similar to those presented here, we have held that inspections conducted within 15 minutes prior to the plaintiff's fall were reasonable.

(Citations and punctuation omitted.) *Brown v. Host/Taco*, supra, 305 Ga. App. at 252.

Therefore, we affirm the trial court's grant of summary judgment to Quiktrip.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*

---

[3] We reject Pirkle's effort to attempt to use semantics to interpret Nguyen's affidavit to say that he only checked the form indicating an inspection, not that he actually did the inspection. We note that there is no deposition of Nguyen in the record, only his uncontradicted affidavit.