**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 27, 2017**

# In the Court of Appeals of Georgia

A16A1669. ALL AMERICAN QUALITY FOODS, INC., v. SMITH.

McMILLIAN, Judge.

We granted the application for interlocutory appeal filed by All American Quality Foods, Inc., d/b/a Food Depot ("Food Depot"), from the trial court's denial of its motion for summary judgment on claims filed by Thera Smith in connection with a fall she suffered in a Food Depot store in Covington (the "Store"). Food Depot asserts on appeal that the trial court erred in finding that genuine issues of material fact exist on the issue of its actual or constructive knowledge of the substance that caused Smith to slip and that it was foreseeable that the substance would be spilled on the floor.

Our review of the trial court's summary judgment order is de novo and "we construe the evidence most favorably towards the nonmoving party, who is given the

benefit of all reasonable doubts and possible inferences." (Citation omitted.) *Johnson v. Omondi*, 294 Ga. 74, 75 (751 SE2d 288) (2013). So viewed, the evidence shows that on October 16, 2012, Smith went to the Store to purchase milk. She passed the cash register and turned to go down an aisle, when she slipped and fell to the floor, hitting her knee. Although she did not see anything on the floor before her fall, afterward she noticed a pink liquid spread out on the floor where she had slipped. Two Store employees came to help her, including a man she believed to be the Store manager, who said that he had seen some children running around with open containers.

The evidence showed that on the day of Smith's fall, Store employees had conducted a regular inspection of the Store's premises during the period from 3:53 to 4:05 p.m.[1] The Store's security video shows that subsequently, at 4:28 p.m., two

---

[1] Smith argues on appeal that the affidavit submitted by Food Depot to establish the Store's inspection policy and the timing of the inspections on the day of her fall was deficient because the affiant lacked personal knowledge of the Store's inspection performance that day. However, Smith failed to raise this argument below and, in fact, cites some of the very evidence she now seeks to undercut in her briefs to the trial court and on appeal. "Objections to affidavits such as an objection to the affiants' lacking personal knowledge will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment." (Citation and punctuation omitted.) *Formaro v. SunTrust Bank*, 306 Ga. App. 398, 399-400 (1) (702 SE2d 443) (2010). Accordingly, we do not address this objection.

2

children were walking in the aisle where Smith fell. They each had drink cans when they bumped into each other, and one of the children appears to glance at the floor at about 4:28:06 p.m. At 4:29:45 p.m., the children reappear in the aisle, this time with an adult, drinking from the containers. A few minutes later, Smith and her son enter the same aisle, where she slipped and fell at 4:35:06 p.m. This appeal followed the trial court's denial of Food Depot's motion for summary judgment.

1. The standard for owners and occupiers of land to keep their premises safe is well established. Under OCGA § 51-3-1, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." However, "[t]he owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters," which "includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises." *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (493 SE2d 403) (1997).

3

It is axiomatic that "proof of a fall, without more, does not give rise to liability on the part of a proprietor." (Citation omitted.) *Ingles Markets, Inc. v. Carroll*, 329 Ga. App. 365, 367 (765 SE2d 45) (2014). Rather, to establish liability for a breach of the duty set forth in OCGA § 51-3-1, a plaintiff must show that the premises owner had superior knowledge of a hazard on the premises, which hazard caused the plaintiff's injury. *Robinson*, 268 Ga. at 740. The owner's knowledge of the hazard can be actual or constructive. *Carroll*, 329 Ga. App. at 367.

Smith does not contend on appeal that Food Depot had actual knowledge of the pink liquid's presence on the floor. Rather, she asserts that Food Depot had constructive knowledge of the spill. A plaintiff may demonstrate a proprietor's constructive knowledge of a hazard by showing:

> (a) . . . evidence that the hazardous condition lasted so long that it would have been discovered and removed if the proprietor had exercised reasonable care in inspecting the premises, or (b) . . . evidence that an employee of the defendant was in the immediate vicinity of the hazardous condition and could have easily seen and corrected the hazard.

*Barbour-Amir v. Comcast of Georgia/Virginia, Inc.*, 332 Ga. App. 279, 283 (2) (772 SE2d 231) (2015).

(a) Under the first method of proving constructive knowledge, Smith contends that Food Depot failed to establish that it had a reasonable inspection policy in place, thus relieving her from any duty of showing how long the substance had been in place prior to her fall. See, e.g., *Sanderson Farms, Inc. v. Atkins*, 310 Ga. App. 423, 427 (2) (713 SE2d 483) (2011). However, we fail to see how the inspection policy is relevant to Smith's claim because in this somewhat unusual case, the video evidence establishes how long the substance was on the floor before Smith fell. The spill occurred somewhere between 4:28 to 4:29 p.m. when the children with the open container were in the area of her fall, and Smith fell six to seven minutes later at approximately 4:35 p.m.

In order for a proprietor to be liable, the hazardous condition must have been in place "on the premises for a sufficient period of time such that [he or she] should have discovered and removed the hazard." (Citation and punctuation omitted.) *Witt v. Ben Carter Properties, LLC*, 303 Ga. App. 107, 110 (692 SE2d 749) (2010). See also *Berni v. Cousins Properties, Inc.*, 316 Ga. App. 502, 505 (729 SE2d 617) (2012). We find that under the circumstances, the limited period of time that the substance was on the floor is insufficient as a matter of law to hold that Food Depot should have discovered and removed the liquid prior to Smith's fall. See *Alterman Foods, Inc. v.*

5

*Ligon*, 246 Ga. 620, 622 (272 SE2d 327) (1980) (A "proprietor is under no duty to continuously patrol the premises in absence of facts showing that the premises are unusually dangerous."); *Hagan v. Goody's Family Clothing, Inc.*, 227 Ga. App. 585, 587 (490 SE2d 107) (1997) (summary judgment appropriate where only evidence showed that hazard had arisen less than two minutes before plaintiff's fall). Cf. *Pirkle v. Quiktrip Corp.*, 325 Ga. App. 597, 602 (2) (b) (754 SE2d 387) (2014) (summary judgment granted where only eight minutes transpired between the fall and inspection that showed no liquid on floor); *Markham v. Schuster's Enterprises, Inc.*, 268 Ga. App. 313, 314 (601 SE2d 712) (2004) (plaintiff slipped and fell only five to ten minutes after manager inspected the area). Therefore, Smith failed to establish that Food Depot had constructive knowledge of the hazard under the first method.

(b) In the alternative, Smith asserts that the Store manager should have anticipated that the liquid would be spilled on the floor based on his sighting of children with open containers and that he should have taken reasonable precautions to prevent any ensuing hazard.[2]

---

[2] Food Depot argues that the trial court erred in finding that the hazard was foreseeable and in applying the foreseeability analysis from *Medley v. Home Depot, Inc.*, 252 Ga. App. 398 (555 SE2d 736) (2001), to the facts of this case. We note that the trial court's order denied Food Depot's motion for summary judgment without explanation and without citing the *Medley* opinion; however, the parties argued the

6

Although a proprietor has a duty to protect its invitees "from the misconduct of other persons who come upon the premises," "the duty of interference on the proprietor's part does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger." (Citations and punctuation omitted.) *Carroll*, 329 Ga. App. at 367. Here, even though the manager had seen two children with an open container, no evidence exists as to when that sighting occurred or whether he even saw the same two children who appear in the video. Although Smith stated that the manager had seen children "running" around the Store with open containers, the video showed that when the children were in the area of her fall, they were walking at a casual pace and not running. Thus, it is unclear whether the manager saw children with open containers before or after the spill or even after Smith fell.

Moreover, the record contains no evidence that the Store had previously experienced problems with the particular children in the video, that the Store had a policy for dealing with children or other patrons with open containers, or that the manager violated any Store policy in failing to take action. The evidence also shows

case at the hearing on the motion, and thus it is possible that the trial court relied on *Medley* in denying the motion.

that, at least part of the time, the two children were accompanied by an adult who was shopping in the Store. Thus, Smith has failed to demonstrate that the manager could have foreseen the spill that resulted in her accident or taken action in time to prevent her fall. See *McDonald v. West Point Food Mart, Inc.*, 332 Ga. App. 753, 756 (774 SE2d 774) (2015) (physical precedent only) (proprietor had no duty to ensure the safety of its customers from the remote possibility of any injury without proof that it had occurred before); *Pickering Corp. v. Goodwin*, 243 Ga. App. 831, 833 (534 SE2d 518) (2000) (summary judgment appropriate where plaintiff failed to introduce evidence of facts that would have put a defendant on notice of the potential hazard). Cf. *Medley v. Home Depot, Inc.*, 252 Ga. App. 398 (555 SE2d 736) (2001) (issues of fact precluded summary judgment in favor of store where certain teenagers visited store regularly causing spills, the store was aware the same teenagers were playing in the store on the day of the fall, and the store policy was to ask such visitors to leave but employees failed to follow policy).

2. Smith also argues under the second method of proving constructive knowledge that the evidence showed that Store employees were in the immediate vicinity of her accident. In support of this argument, she asserts that she fell "in the front of the aisle located at the front of the store near the cashiers" who were serving

8

other customers at the time[3] and notes the manager's statement that he had seen children running through the store with open containers.

However, "showing that an employee was merely working in the immediate area of the alleged hazard is not enough; the employee must have been in a position to have easily seen the hazard and intervened to correct it before the accident occurred." *Barbour-Amir*, 332 Ga. App. at 284 (2) (b). See also *Mucyo v. Publix Super Markets*, 301 Ga. App. 599, 601 (1) (688 SE2d 372) (2009). Smith has failed to present evidence that the cashiers could have detected a spilled liquid in an aisle from their work stations or evidence showing the relative positions of the cashiers to the location of her fall. And as noted above, the record contains no evidence as to when the manager saw the children, whether the children he saw were the same children seen in the video, or whether he was in the area where Smith fell when he saw the children.

Accordingly, we find that this is one of the limited number of cases in which it is plain, palpable and undisputed that Smith failed to establish superior knowledge

---

[3] Smith testified that she "[w]ent past the cash register and was going down an aisle" and "turning to go down the aisle" when she fell.

by Food Depot of the hazard in this case,[4] and we therefore reverse the trial court's order denying summary judgment.

*Judgment reversed. Miller, P. J., and McFadden, P. J., concur*.

---

[4] See *Robinson*, 268 Ga. at 739-40.