**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 10, 2017**

# In the Court of Appeals of Georgia

A17A1023. HARTMAN v. CLARK.

ANDREWS, Judge.

Latasha Hartman sued David Clark for damages after she slipped and fell at a Chick-fil-A restaurant owned and operated by Clark. Clark subsequently moved for summary judgment. The trial court granted Clark's motion, and Hartman appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review a trial court's summary judgment ruling de novo, construing "the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences."*All American Quality Foods v. Smith*, 340 Ga. App. 393 (797 SE2d 259) (2017) (punctuation omitted).

So viewed, the record shows that Hartman visited Clark's Chick-fil-A for dinner on February 6, 2013. After eating, Hartman left her table to visit the restroom. She entered the restroom, walked directly into the handicap stall, and used the facility, remaining in the stall five to ten minutes. She then exited, taking about two steps before she fell backwards, twisting her ankle and injuring her back. At her deposition, Hartman asserted that she slipped on water. She also testified, however, that there was no water on the floor when she entered the restroom and walked to the stall.

In Georgia, "proof of a fall, without more, does not give rise to liability on the part of a proprietor." Id. at 395 (1) (punctuation omitted). To support a premises liability claim, a plaintiff must show that the proprietor had superior knowledge – either actual or constructive – of the hazard that caused the plaintiff's injury. See id. Hartman does not contend that Clark had actual knowledge of the water on which she slipped. Instead, she argues that questions of fact remain as to Clark's constructive knowledge of the hazard, precluding summary judgment. We disagree.

A claimant may establish constructive knowledge by presenting "evidence that the hazardous condition lasted so long that it would have been discovered and removed if the proprietor had exercised reasonable care in inspecting the premises."

2

Id. (punctuation omitted). According to Hartman, the evidence raises factual questions about Clark's inspection procedures and whether they were followed on February 6, 2013. For a proprietor to be liable, however, "the hazardous condition must have been in place on the premises for a sufficient period of time such that [he] should have discovered and removed the hazard." Id. at 395 (1) (a) (punctuation omitted). And Hartman testified unequivocally that no water was on the floor when she entered the restroom five to ten minutes before she fell.

The undisputed evidence shows that, at most, the water on which Hartman slipped remained on the floor for ten minutes. Regardless of when restaurant employees last inspected the restroom, this limited period of time was "insufficient as a matter of law to hold that [Clark] should have discovered and removed the liquid prior to [Hartman's] fall." Id. at 396 (inspection-related evidence irrelevant where evidence showed that hazardous substance was on grocery store floor only six or seven minutes); see also *Gleaton v. APAC-Georgia*, 228 Ga. App. 52, 55 (2) (491 SE2d 138 (1997) ("In cases involving grocery stores, parking lots, and restaurants, we have found that 15 or 20 minutes was a legally insufficient amount of time for a proprietor to discover a foreign substance on the floor."); *Mazur v. Food Giant*, 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987) ("Where it appears a foreign object had

3

not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.") (punctuation omitted).

On appeal, Hartman urges us to interpret her deposition testimony as meaning that she "merely did not see the water on the floor when entering the stall." But her testimony does not permit such interpretation. Hartman clearly stated that there was no water on the floor when she walked into the restroom. She never asserted that she did not *see* the water. And she made no subsequent effort to modify or explain her testimony. See *Sunlink Health Sys. v. Pettigrew*, 286 Ga. App. 339, 341 (649 SE2d 532) (2007) ("It is well established that on summary judgment a party's self-contradictory testimony, if unexplained, must be construed against the party-witness, even when the party-witness is the respondent rather than the movant."). Furthermore, although Hartman argues that the water at issue could not have "miraculous[ly] appear[ed]," she testified that she could not remember whether anyone else (i.e., a person who could have spilled the water) was in the restroom while she occupied the handicap stall.

The record contains no evidence that Clark had superior knowledge of the hazard on which Hartman fell. Accordingly, the trial court properly granted Clark's motion for summary judgment. See *All American Quality Foods*, supra.

*Judgment affirmed. Ellington, P. J., and Rickman, J., concur*.