[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13728
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-01479-ODE

NICOLE PARKER,

Plaintiff-Appellant,

versus

WAL-MART STORES EAST, LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 25, 2019)

Before TJOFLAT, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Nicole Parker appeals the district court's grant of summary judgment in favor of Wal-Mart Stores East, LP (Wal-Mart), in her personal injury slip-and-fall action. Parker asserts the district court erred in granting summary judgment because there is a genuine issue of material fact regarding whether Wal-Mart had constructive knowledge of the spill that caused Parker's fall. After review,[1] we affirm the district court's grant of summary judgment.

## I.  BACKGROUND

On September 5, 2015, Parker slipped and fell in Wal-Mart's store located in Riverdale, Georgia. When the incident occurred, Parker was walking with her daughter and had just turned on the toothpaste aisle located in the Health and Beauty department.

Wal-Mart employee Shaquana Ezzard was working on the toothpaste aisle in the vicinity of the fall. Surveillance video shows that during the one hour preceding the incident, Ezzard was restocking merchandise in the Health and Beauty Department. The video shows that for most of the hour, Ezzard had a cart full of restocking items over the area where Parker fell. The cart was moved approximately 15 minutes before the fall. The cart was full of various returned

---

[1] We review the "grant of summary judgment *de novo*, viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Boyle v. City of Pell City*, 866 F.3d 1280, 1288 (11th Cir. 2017) (quotations omitted). Summary judgment is appropriate when the movant demonstrates there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.*

2

merchandise from customer service or random items left around the store that needed reshelving.

Wal-Mart requires regular safety sweeps of an area to check for slip-and-trip hazards. Where there is an employee in the area, Wal-Mart relies on that employee to conduct a safety sweep. Ezzard testified that while she did not do a targeted safety sweep in the hour before Parker's fall, she was "zoning" the area in that hour. Zoning is when an employee is looking around for safety hazards while doing other activities. Ezzard testified that she was "constantly" looking at the floor while restocking merchandise.

After Ezzard moved the restocking cart, she passed through the fall area approximately eight times. She testified that she would have been able to see the spill after moving the cart because she walked through the area and was zoning. Parker fell approximately 35 seconds after one of Ezzard's passes through the area.

Although Parker is unsure what caused the fall, after the fall she described the substance as "slippery" and "clear" like baby oil. Parker was unable to estimate the size of the spill, since after the fall she was sitting in the substance and it had gotten on her pants and hands. When Ezzard was standing beside Parker, she could see a substance on the floor but could not identify what it was. Ezzard testified it was a "clear substance," possibly baby oil. Ezzard could not say the exact size of the spill but testified that it was puddled. Store Manager Kevin

3

Morrell testified the substance "was just a clear substance.  It was I mean crystal clear."

Maintenance associate Angelica Willingham testified that when she arrived on the scene after the fall, but while Parker was still on the floor, she could not determine the size of the spill because Parker was at least partially sitting in it, but what she could see were "little drops" smaller than a couple inches in diameter. Willingham elaborated that the substance looked like "smudged oil," that to see it "you have to tilt half your whole top body to see," and that you had to get "close, really close so you could see a little, like a little drop that was like this size of your palm."

## II. DISCUSSION

In order to recover for her injuries under Georgia law, Parker must show that (1) Wal-Mart had actual or constructive knowledge of the hazard,  and (2) she was without knowledge of the hazard despite the exercise of ordinary care.  *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997).  Here, Parker does not contend Wal-Mart had actual knowledge of the substance on the floor, so she must point to evidence that Wal-Mart had constructive knowledge of the substance in order to survive a motion for summary judgment.  Constructive knowledge can be shown by presenting evidence that (1) a Wal-Mart employee was in the immediate vicinity and easily could have seen and removed the hazard, or (2) the substance

4

had been on the floor long enough that it would have been discovered and removed if Wal-Mart had exercised reasonable care in inspecting and cleaning its premises. *Matthews v. The Varsity, Inc.*, 546 S.E.2d 878, 880 (Ga. Ct. App. 2001).

A. *Whether Ezzard could have seen and removed the hazard*

Parker has arguably abandoned the argument that Ezzard easily could have seen and removed the spill by failing to elaborate on this argument in her initial brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). To the extent the argument is not abandoned, it is undisputed that the substance on the floor was clear. While no employees could affirmatively say how big the spill on the floor was, all witnesses who testified stated that at least after the fall, it was small in size. There is no testimony showing the spill spread over a large swath of the toothpaste aisle such that Ezzard, the only employee who had the opportunity to see the spill before Parker's fall, should have seen and removed the spill.

B. *Whether Wal-Mart exercised reasonable care in inspecting and cleaning its premises*

Parker contends the surveillance video creates a genuine issue of fact regarding whether Wal-Mart employee Shaquana Ezzard exercised reasonable care in inspecting the premises. Ezzard testified that she did not complete a dedicated

5

safety sweep (and neither did any other Wal-Mart associate) in the hour before the fall, but she "zoned" the area while she was restocking shelves throughout the hour before the fall.  Ezzard testified she walked up and down the entire toothpaste aisle many times as she stocked product, continually looking at the floor.  Ezzard testified the entire time she worked she complied with all zoning procedures, as she was looking around "generally" and looking at the floor "constantly."

Though it is impossible to tell from the surveillance video where Ezzard was looking at all times, the video does not contradict her testimony that she was looking at the floor while zoning.  *Cf. Fuller v. Kroger Co.*, No. 1:13-CV-03033-ELR, 2016 WL 8857031, at *6 (N.D. Ga. Feb. 25, 2016) (reviewing the surveillance video and determining a reasonable juror could conclude employees were not inspecting the premises because an employee was looking over his shoulder to talk to someone behind him while passing the spill of brown liquid and another employee was carrying multiple cash drawers that would have obstructed her view).  It is undisputed that the substance on the floor was clear and did not spread over a large area of the toothpaste aisle (at least after the fall).  There is no testimony supporting the inference that Ezzard should have seen the hazard with the exercise of reasonable care.

Instead, as the district court concluded, the evidence shows just the opposite. The spill was small and clear, and Ezzard walked over the spill area several times

6

without issue and without noticing any hazard prior to Parker's fall *despite* exercising reasonable care.  *See Mucyo v. Publix Super Markets, Inc.*, 688 S.E.2d 372, 374 (Ga. Ct. App. 2009) (affirming the trial court's grant of summary judgment to Publix in slip and fall case when plaintiff failed to present any evidence that a cashier could have easily seen a clear liquid on the floor, and stating that "[s]howing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it" (quotations omitted)).

Additionally, there is not reliable evidence the spill was on the floor for a substantial amount of time such that it would have been remedied with the exercise of reasonable care.  The evidence shows Ezzard continued to inspect the fall area up until minutes before Parker's fall.  *See id.* at 375 (stating the fact an inspection occurred very shortly before the plaintiff's fall was enough, as a matter of law, to defeat any negligence action against the defendant because the evidence showed the defendant exercised reasonable care).

We agree with the district court that the undisputed evidence shows (1) the spill Parker slipped on was clear; (2) after the fall the spill was visible, but small and contained in one area; and (3) Ezzard looked up and down the aisles as she stocked and walked through the area where Parker fell shortly before the fall and saw no substance on the floor.  While there is no evidence other than speculation

7

as to how the unknown substance got on the floor, there is evidence that Wal-Mart had no actual or constructive knowledge of the spill due to its clear color and the execution of reasonable inspection procedures by Ezzard.

Thus, we affirm the district court's grant of summary judgment.

**AFFIRMED.**