[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13716

Non-Argument Calendar

————————————————

LINDA E. TOLBERT,

Plaintiff-Appellant,

*versus*

PUBLIX SUPER MARKETS, INC.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-04165-TWT

————————————————

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Linda Tolbert slipped and fell on an unknown greasy substance in Defendant-Appellee Publix's Newnan, Georgia location. The district court entered summary judgment in favor of Publix because Publix conducted an inspection within the brief period before the accident and thus acted reasonably as a matter of Georgia law. Tolbert argues that there are genuine issues of material fact regarding the reasonableness of Publix's procedures. After a careful review of the record, we **AFFIRM**.

## I.

We assume the parties are familiar with the facts and so briefly summarize the facts of this case. Tolbert was grocery shopping at Publix and as she walked from the produce section to the deli section she slipped and fell backwards. She alleges that there was a slick, greasy substance on the floor. After the fall, a male Publix employee came to her assistance, and when he was helping her up, he stated the floor was "greasy there a lot." Tolbert says she did not see the substance prior to her fall. Publix's assistant deli manager Christine Thompson also came to help Tolbert after the fall. Thompson stated in her affidavit that she had inspected that area of the floor ten minutes before the fall and had not seen anything on the floor. Thompson also described Publix's "Don't Pass it Up, Pick it Up" floor cleaning policy, and described her

compliance with it on the day of the accident.  Publix could not locate any video footage of the accident or the inspection.

Tolbert initially filed this negligence action in state court, but Publix removed it to federal court on the basis of diversity jurisdiction.  After the district court entered summary judgment for Publix, this appeal followed.

## II.

We review the district court's grant of summary judgment de novo and apply the same legal standard as the district court. *Nat'l Fire Ins. Co. v. Fortune Const. Co.*, 320 F.3d 1260, 1267 (11th Cir. 2016).  A motion for summary judgment should be granted if there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c).

In Georgia, premises owners owe a duty to their invitees "to exercise ordinary care in keeping the premises and approaches safe."  O.G.C.A. § 51-3-1.  In slip-and-fall cases, the Georgia Supreme Court requires that plaintiffs prove the store proprietor had "superior knowledge" of the hazard.  *Robinson v. Kroger Co.*, 493 S.E.2d 403, 405 (Ga. 1997).  To evaluate this standard the *Robinson* court established a two-step framework: a plaintiff "must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the [defendant]."  *Id.* at 414.  But plaintiffs need only produce evidence of the second prong after the

defendant has produced evidence showing that the plaintiff herself contributed negligence to the accident. *See id.*

Georgia courts have established that the store's constructive knowledge[1] can be shown either through evidence that (1) store employees were "in the immediate vicinity and easily could have seen and removed the hazard"; or (2) that the hazard "had been on the floor long enough that it would have been discovered" had the store employed reasonable care in inspecting the premises. *Mucyo v. Publix Super Mkts., Inc.*, 688 S.E.2d 372, 374 (Ga. Ct. App. 2009). A genuine issue of material fact may also exist sufficient to survive summary judgment if a plaintiff shows that the store lacked either a reasonable program for conducting inspections or that the program was not actually carried out. *Straughter v. J.H. Harvey Co., Inc.*, 500 S.E.2d 353, 355 (Ga. Ct. App. 1998). But, regardless of the quality and reasonableness of the store's overall inspection program, the store's inspection is reasonable as a matter of law if it occurred within the "brief period" prior to the accident. *Mucyo*, 688 S.E.2d at 375. What constitutes a "brief period" varies from as little as two-minutes, *id.*, to periods as long as thirty-five minutes. *See, e.g.*, *Higgins v. Food Lion, Inc.*, 561 S.E.2d 440, 442 (Ga. Ct. App. 2002); *see also Wallace v. Wal-Mart Stores, Inc.*, 612 S.E.2d 528, 531–32 (Ga. Ct. App. 2005) (15 to 20 minutes); *Medders v. Kroger Co.*, 572 S.E.2d 386, 388 (Ga. 2002) (5 to 10 minutes). If an

---

[1] The parties seem to agree that neither Publix nor its employees had actual knowledge of the hazard.

inspection occurred within this "brief period," then the plaintiff again shoulders the burden of creating a triable issue of fact about the store's constructive knowledge under either method identified in *Mucyo*. 688 S.E.2d at 374.

Here, the uncontradicted evidence from Thompson is that she inspected the area where Tolbert fell about ten minutes prior to the accident. This falls comfortably within the "brief period" range identified by Georgia's courts and so Publix's inspection procedures were reasonable as a matter of law. Thus, Tolbert must show constructive knowledge under *Mucyo*. And because Tolbert conceded in her deposition that she did not know how long the substance was on the floor, to show constructive knowledge she must show that a Publix employee was in the vicinity prior to her fall and could have easily removed the hazard.

Tolbert points to her deposition in order to show that there was an employee in the vicinity. In her deposition Tolbert stated that a male produce clerk came over right after she fell and helped her up. While this may show that a Publix employee was in the general area to see her fall, it says nothing about whether the hazard was "readily visible" or if the produce clerk could have "easily seen and removed the hazard." *Mucyo*, 688 S.E.2d at 374; *see also Haskins v. Piggly Wiggly So., Inc.*, 496 S.E.2d 471, 473 (Ga. Ct. App. 1998) ("Showing that an employee was merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it." (alteration adopted and internal quotation marks

omitted)). Tolbert's deposition actually shows that the hazard was very difficult to see—Tolbert described the greasy substance as "clear" in color and stated that she did not see it before she fell. Thompson's affidavit similarly stated that she did not see the hazard when she conducted her inspection, nor did she see it after helping Tolbert off the floor. Tolbert has simply not provided any evidence to show that whatever employees were in the area could have "easily seen and removed the hazard." *Mucyo*, 688 S.E.2d at 374.

Tolbert argues that we should discount or disregard Thompson's affidavit because it is "scant on details." Tolbert's brief quotes *Lundy v. Publix Super Markets, Inc.*, No. 1:20-cv-3405-MLB, 2022 WL 124553 (N.D.G.A. Jan. 13, 2022), where the district court denied summary judgment and disregarded the affidavits submitted by the store for being too vague about the inspection procedures. But these quotations omit critical context. In *Lundy*, and the Georgia Court of Appeals decision cited therein, the affidavits relied on in support of summary judgment were not made by the individuals who personally conducted the inspections. *Lundy*, 2022 WL 124553 at *4 ("Neither Baker's affidavit nor Destorch's affidavit state that they individually conducted any inspections") (citing *Davis v. Bruno's Supermarket, Inc.*, 587 S.E.2d 279, 281 (Ga. App. Ct. 2003) ("We find, however, that the store was not entitled to summary judgment based solely on Sumner's affidavit, because it does not show that he personally observed or conducted the inspection. Therefore, the affidavit was legally insufficient.")). Here,

Thompson's affidavit deposes that she personally conducted the inspection ten minutes prior to Tolbert's fall.  Tolbert has introduced no additional evidence that would create a genuine issue of material fact about whether Thompson actually conducted this inspection, and so we will not disregard her affidavit.

Because Tolbert has not shown that Publix had constructive knowledge of the hazard prior to her fall, summary judgment was proper and the district court's order is accordingly, **AFFIRMED.**

**AFFIRMED.**