**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, P. J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 4, 2025**

# In the Court of Appeals of Georgia

A24A1720. DROSSMAN v. WAL-MART STORES EAST, et al.

McFADDEN, Presiding Judge.

Erin Drossman filed a complaint against Wal-Mart Stores East, LP and others, alleging that she was injured when she slipped and fell on water on the floor of a Wal-Mart store. She asserted claims for premises liability, negligence, nuisance, and negligent training and supervision. The trial court granted summary judgment to Wal-Mart and the other defendants on all claims. Drossman appeals, challenging only the grant of summary judgment to Wal-Mart on her premises liability claim. Because she has failed to point to any evidence creating a genuine issue of material fact as to Wal-Mart's superior knowledge of the alleged hazard, we affirm the trial court's grant of summary judgment.

1. *Summary judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "Our review of the trial court's summary judgment order is de novo and we construe the evidence most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences." *All American Quality Foods v. Smith*, 340 Ga. App. 393 (797 SE2d 259) (2017) (citation and punctuation omitted).

So viewed, the evidence shows that Drossman was shopping in a Wal-Mart store when she slipped and fell on water that was on the floor near the end of an aisle. She did not see any water before falling, but afterwards her clothes were wet and she felt a liquid with her hand that she believed was water. Another shopper and a store employee saw water on the floor near Drossman after she fell, with the employee stating that he "noticed a small amount of water on the floor." Drossman deposed that she did not know where the water came from, but speculated that it may have come from a freezer at the end of the aisle.

2. *Superior knowledge*

"In Georgia, proof of a fall, without more, does not give rise to liability on the part of a proprietor. To support a premises liability claim, a plaintiff must show that the proprietor had superior knowledge — either actual or constructive — of the hazard that caused the plaintiff's injury." *Hartman v. Clark*, 341 Ga. App. 513 (801 SE2d 66) (citations and punctuation omitted). Indeed, "[t]he crux of a premises liability case is the owner's superior knowledge of the hazard[.]" *Scott v. Forest Acres Full Gospel Church*, 352 Ga. App. 145, 148 (1) (834 SE2d 286) (2019) (citation, punctuation, and emphasis omitted). "In assessing the relative knowledge of the parties, the question is whether they were accurately informed about the *specific* hazard or danger in question." *Sinyard v. Georgia Power Co.*, 363 Ga. App. 195, 205 (2) (a) (871 SE2d 45) (2022) (emphasis supplied).

Wal-Mart has pointed to the lack of evidence showing that it had either actual or constructive knowledge of the specific water hazard on the floor where Drossman fell. To avoid summary judgment, Drossman therefore "cannot rest on [her] pleadings, but rather must point to specific evidence giving rise to a triable issue."

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

(a) *Actual knowledge*

Drossman cites *Union Camp Corp. v. Dukes*, 217 Ga. App. 95 (456 SE2d 645) (1995) for the proposition that actual knowledge may be established through evidence of a pervasive hazard, and she then points to evidence that freezers at the Wal-Mart store were known to leak and that spill pads used to absorb water had been placed in areas of the store other than where she fell. But her reliance on *Union Camp* is misplaced and the evidence she cites does not show that Wal-Mart had actual knowledge of the specific water hazard that caused her fall. See *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 810 (440 SE2d 548) (1994) ("although management had knowledge of the periodic defrosting of the meat cooler, the record does not show that any employee or manager of the supermarket had actual knowledge of the alleged water leakage onto the floor prior to [plaintiff's] fall"), overruled in part on other grounds, *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997).

Contrary to Drossman's claim, *Union Camp* does not hold that actual knowledge may be established merely by evidence of a pervasive hazard. In that case,

which involved a slip-and-fall in a puddle of oil on the floor of a paper machine in which the plaintiff was working, a witness testified that he saw oil on the floor the morning of the incident, saw defendant's employees in that area, and saw that "oil dry" had already been applied to the floor. *Union Camp*, supra at 98. A photograph also showed oil dry on the floor where the plaintiff fell. Id. Without specifying between actual and constructive knowledge, this court held that such "evidence presented a jury question on the issue of [the defendant's] knowledge of the dangerous condition." Id.

To the extent *Union Camp* can be read to concern actual knowledge, unlike the evidence in that case, the evidence cited by Drossman, that freezers in the store were generally known to leak and that spill pads had been placed elsewhere in the store, does not create a triable issue as to Wal-Mart's actual knowledge of the specific hazard alleged in this case. See *St. Joseph's Hosp. of Atlanta v. Hall*, 344 Ga. App. 1, 3 (1) (a) (806 SE2d 669) (2017) (knowledge of generally prevailing hazardous conditions is not sufficient to establish actual knowledge of the specific hazard which caused the slip and fall). Drossman has cited no evidence that spill pads had ever been placed near the freezer in question, that spill pads had been placed in the area where she fell on the

5

date of the incident, or that Wal-Mart otherwise had actual knowledge of the water on which she slipped. The evidence cited by Drossman therefore "does not show that [Wal-Mart] had actual knowledge of the specific [water] hazard that caused [her] fall." Id. at 4 (1) (a). See also *Suddarth v. Lounsbrough*, 369 Ga. App. 158, 161 (1) (892 SE2d 582) (2023) (defendant's general knowledge that leaves fall on his property and his weekly cleaning of leaves did not equate to actual knowledge of the specific accumulation of leaves that allegedly caused plaintiff's fall).

(b) *Constructive knowledge*

> A plaintiff may demonstrate a proprietor's constructive knowledge of a hazard by showing: (a) evidence that the hazardous condition lasted so long that it would have been discovered and removed if the proprietor had exercised reasonable care in inspecting the premises, or (b) evidence that an employee of the defendant was in the immediate vicinity of the hazardous condition and could have easily seen and corrected the hazard.

*All American Quality Foods*, supra at 395 (1) (citation and punctuation omitted).

With regard to the first method of demonstrating constructive knowledge, Wal-Mart has cited evidence, including affidavits and video screen shots, showing that during the three-and-a-half minutes before Drossman's fall, two store employees conducted separate inspections of the area. Both employees testified that there was no liquid or other hazard on the floor, which was dry, clean, and free of debris.

Drossman has cited no contradictory evidence establishing how long water was on the floor. Instead, she speculates about whether customers opening the nearby freezer doors some 37 to 55 minutes before her fall "resulted in the water [she] slipped on[.]" But absent evidence showing that the water came from those doors, "summary judgment cannot be avoided based on mere speculation or conjecture[.]" *Head v. de Souse*, 353 Ga. App. 309, 313 (1) (836 SE2d 227) (2019) (citation and punctuation omitted). See *Hatchett v. McCain Property Care*, 369 Ga. App. 71, 73 (2) (892 SE2d 174) (2023) ("circumstantial evidence cited by [plaintiff] permits mere speculation and does not demonstrate a genuine issue of material fact").

"Regardless of the adequacy of any inspection program, when an owner shows that an inspection occurred within a brief period of time prior to an invitee's fall, the inspection procedure was adequate as a matter of law and defeats an invitee's negligence action." *Mucyo v. Publix Super Markets*, 301 Ga. App. 599, 601 (2) (688 SE2d 372) (2009). Given Wal-Mart's showing that inspections were conducted within three-and-a-half minutes of the incident, "the limited period of time that the [water] was on the floor is insufficient as a matter of law to hold that [Wal-Mart] should have discovered and removed the liquid prior to [Drossman's] fall." *All American Quality*

*Foods*, supra at 395-396 (1) (a). See *Pirkle v. QuikTrip Corp.*, 325 Ga. App. 597, 602 (2) (b) (ii) (754 SE2d 387) (2014) (summary judgment granted where only eight minutes transpired between the fall and inspection that showed no liquid on floor); *Markham v. Schuster's Enterprises*, 268 Ga. App. 313, 314 (601 SE2d 712) (2004) (plaintiff slipped and fell only five to ten minutes after manager inspected the area). Drossman has thus "failed to establish that [Wal-Mart] had constructive knowledge of the hazard under the first method." *All American Quality Foods*, supra at 396 (1) (a).

As for the second method of showing constructive knowledge, there is evidence that two store employees were stocking shelves from big pallets of bread approximately 15 feet from where Drossman fell. "However, showing that an employee was merely working in the immediate area of the alleged hazard is not enough; the employee must have been in a position to have easily seen the hazard and intervened to correct it before the accident occurred." *All American Quality Foods*, supra at 397 (2) (citation and punctuation omitted). Drossman has failed to present any evidence that either employee, while busy stocking bread shelves, was in a position to have easily seen water on the floor near the freezer at the end of the aisle. See *Mucyo*, supra at 601 (1) (no evidence that cashier in vicinity of plaintiff's fall could

have easily seen and removed wet substance on the floor); *Matthews v. The Varsity*, 248 Ga. App. 512 (546 SE2d 878) (2001) (plaintiff failed to establish that defendant's employee who was 12 to 15 feet away could have easily seen and removed liquid on stairs). Because Drossman has "failed to sustain her evidentiary burden of showing that [Wal-Mart] had actual or constructive knowledge of the alleged [water] hazard and that such knowledge exceeded hers, [Wal-Mart] was entitled to summary judgment as a matter of law." *Haskins v. Piggly Wiggly Southern*, 230 Ga. App. 350, 352 (496 SE2d 471) (1998).

*Judgment affirmed. Mercier, C. J., and Rickman, P. J., concur.*